## WADE v. CLARK.

1. **Bankruptcy:** DISCHARGE: DEBTS CREATED IN FIDUCIARY CAPACITY. Section 33 of the National Bankrupt Act provides that no debts created while acting in a fiduciary capacity are discharged by proceedings in bankruptcy: *Held*, that the fact that such a debt was reduced to judgment before defendant's discharge in bankruptcy would not have the effect to remove it from the above exception, the debt being in no proper sense "created" by the judgment.

2. **Practice:** AMENDED PETITION: STATUTE OF LIMITATIONS. An amended petition, filed and allowed without objection, will not be treated as the commencement of a new action for the purposes of the statute of limitations.

*Appeal from Polk District Court.*

FRIDAY, OCTOBER 24.

ACTION upon a judgment. The debt upon which the judgment was rendered was created while the defendant was acting in a fiduciary character, which fact appears upon the face of the record entry of the judgment. The defendant after the

rendition of the judgment was discharged in bankruptcy, which fact is pleaded as a defense. The defendant also pleads the statute of limitations. There was a trial without a jury, and judgment was rendered for the plaintiff. The defendant appeals.

*Bryan & Bryan*, for appellant.

*Phillips & Conrad* and *W. C. Hillis*, for appellee.

ADAMS, J.—I. The plaintiff relies upon section 33 of the Bankrupt Act to avoid the effect of the discharge. That sec-

1. BANKRUPT-
CY: discharge:
debts created
in fiduciary
capacity.

tion is in these words: "No debt created by fraud * * * * * or while acting in a fiduciary character shall be discharged by the proceedings in bankruptcy." It is contended, however, by the defendant that the debt is discharged notwithstanding the provision above quoted. His claim is based upon the fact that judgment was taken upon the debt.

That this would have the effect to merge the original cause of action no one would deny; that such merger would prevent all inquiry into the original cause of action seems to have been held substantially in *Ridge v. Breck*, 10 Cush., 43; *Bangs v. Watson*, 9 Gray, 211; *Wolcot v. Hodges*, 15 Gray, 547; *Coleman v. Davis*, 45 Geo., 489. The latter case arose under the act in question. The federal courts, however, sitting in bankruptcy appear to have given a different construction to the act, holding that the merger of the original cause of action would not have the effect to bring the debt within the operation of the discharge. *In re Patterson*, 1 National Bankrupt Reg., 307; *In re Whitehouse*, 4 N. B. R., 63; *Warner v. Cronkite*, 13 N. B. R., 52; *Flanagan v. Pearson*, 14 N. B. R., 37; *In re Seymour*, 1 Benedict, 348; *In re Robinson*, 6 Blatchford, 253. The same rule was held in state courts in *Howland v. Carson*, 28 Ohio St., 625; *Homer v. Spelman*, 78 Ill., 207; *Reid v. Martin*, 11 Sup. Ct. R. N. Y., 590. Such appears to us to be the correct rule. The debt in question was not, we think, within the

meaning of the statute, *created* when the judgment was rendered. The most that can be said is that that particular form of the debt was then created. In our opinion the debt, within the meaning of the statute, was created while the defendant was acting in a fiduciary character, and is, therefore, not discharged.

II. The judgment sued on was rendered February 18, 1858. This action was commenced February 7, 1878. It was commenced in the name of Susan B. Wade and David J. Waldo, executors of the estate of Jonathan B. Clark, in whose favor the judgment sued on was rendered. February 3, 1879, which was more than twenty years after the judgment was rendered, the plaintiff Waldo withdrew from the case, and the plaintiff Susan B. Wade filed an amended petition, setting up that she was the sole heir at law of Jonathan B. Clark, and as such was the owner of the judgment, and prayed judgment thereon against defendant in her own right.

2. PRACTICE: amended petition: statute of limitations.

The defendant insists that the withdrawal of Waldo as plaintiff, and the filing of an amended petition by Susan B. Wade, whereby she ceased to appear in a representative capacity and appeared in her own right, were equivalent to the commencement of a new action, and that the action, therefore, should be regarded as barred.

To this we think it sufficient to say that if the change made by the amendment was equivalent to commencing a new action the amendment should not have been allowed. It was, however, allowed, and that, too, without any objection by the defendant so far as the record shows. Under the circumstances we must treat the action as the same brought by the plaintiff and Waldo as executors. For this reason, if for no other, the action cannot be considered as barred.

The judgment of the court below is

AFFIRMED.