## CHARLES ·F. YOUNG *vs.* HERMAN GRAU.

A. sued B. on a judgment of the Superior Court of the State of New York. B. pleaded in bar a discharge in bankruptcy under the United States bankrupt act. A. replied *precludi non,* because the debt on which the judgment was given was " created by the fraud " of B. B. rejoined that the judgment record did not show the debt to be created by fraud, and that A. was thus estopped from showing it. To this rejoinder A demurred.

*Held,* that the demurrer should be sustained. A judgment debt is the contract debt in an adjudicated form, hence if the latter was " created by the fraud " of the bankrupt, the former was also so " created."

After recovering judgment on a contract as valid, the judgment creditor cannot disaffirm the contract for fraud, but he can allege the fraud in reply to a pleaded discharge in bankruptcy.

A creditor may assert both debt and fraud if the fraud is asserted not to avoid the debt but to avoid the discharge of the debt.

EXCEPTIONS to the Court of Common Pleas.

This action, brought in the Court of Common Pleas, was debt on a judgment recovered in the Superior Court of the State of New York, for the county of New York. The defendant pleaded : 1. *Nul tiel record ;* 2. *Non debet ;* 3. A discharge in bankruptcy under the United States bankrupt act, granted after the rendition of said judgment. The plaintiff replied tendering issue on the first plea, joining issue on the second, and as to the third alleging that the defendant had been guilty of fraud in contracting the debt whereon the said judgment was recovered. To the replication to the third plea the defendant rejoined that nothing in the record of the New York judgment disclosed any fraud, and that the original debt was merged in said judgment. To this rejoinder the plaintiff demurred. The presiding justice in the Court of Common Pleas overruled this demurrer and the plaintiff excepted.

*January* 19, 1884. DURFEE, C. J. This is an action of debt on judgment, to which the defendant pleads his discharge in bankruptcy. The plaintiff replies that the discharge is no bar because the debt on which the judgment was recovered was " created by the fraud " of the defendant. The defendant rejoins that it does not appear by the judgment record that the debt was created by fraud, and that the plaintiff is, therefore, estopped from setting it up. The plaintiff demurs.

The rejoinder by not denying admits that the debt was originally created by fraud, and the plaintiff contends that, this being

admitted, the debt is within the saving clause of the bankrupt act which provides that "no debt created by the fraud or embezzlement of the bankrupt . . . shall be discharged by proceedings in bankruptcy; but the debt may be proved and the dividend thereon shall be a payment on account of such debt." Rev. Stat. U. S. § 5117. The defendant controverts this position. He contends that the debt as it originally existed has ceased to exist, being merged in the judgment, and that the plaintiff, therefore, cannot recur to its original form for the purpose of avoiding the discharge. He also contends that the plaintiff by recovering judgment on the debt, as a simple debt, without any allegation or suggestion on the record of its fraudulent character, waived the fraud and is now estopped from asserting it.

The first contention amounts to this, namely : that the debt was not created by the fraud of the defendant, because having passed into judgment it no longer exists in the form in which it was created by him. We do not think the argument is valid. It pushes the technical doctrine of merger beyond its proper sphere. The question is, what does the statute mean by "debt created by the fraud of the bankrupt?" Can we say that a judgment debt is not created by the fraud of the debtor, when the debt which has passed into it was created by his fraud ? We think not. The judgment debt is nothing but the contract debt in an adjudicated form. Freeman on Judgments, §§ 244, 245. The statute looks back to the origin, and change of form is not change of origin. A debt is created by the fraud of the debtor when but for his fraud it would not have existed. This construction, though perhaps not authoritatively established, is supported by several cases cited on the plaintiff's brief.[1]

The second claim is that the plaintiff is estopped from setting up the fraud, because he waived it in the action in which the judgment was recovered. It is doubtless true that the plain-

---

[1] *In re Patterson*, 1 Nat. Bankr. Reg. Rep. 307; *In re Whitehouse*, 4 Ib. 63; *Warner* v. *Cronkhite*, 13 Ib. 52; *Flanagan* v. *Pearson*, 14 Ib. 37; *In re Alsberg*, 16 Ib. 116; *Wyman* v. *Mitchell*, 1 Cow. 316; *In re Wendell*, 19 Johns. Rep. 153; *Evans* v. *Spriggs*, 2 Md. 457, 472; *Dresser* v. *Brooks*, 3 Barb. S. C. 429, 446; *Stewart* v. *Emerson*, 52 N. H. 301; *Imlay* v. *Carpentier*, 14 Cal. 173.

tiff, after having recovered judgment on the contract as valid, cannot be allowed to disaffirm it for fraud, or to maintain any action against the defendant which involves its disaffirmance; but because this is so it does not follow that he cannot plead the fraud in answer to a plea of discharge in bankruptcy. He does not disaffirm the contract or debt by so pleading; on the contrary he affirms it, and claims that it is not discharged because it was created by fraud. *Stewart* v. *Emerson*, 52 N. H. 301, 311. A debt created by fraud is not void but voidable only, and therefore a creditor may assert both the debt and the fraud at the same time, so long as he asserts the fraud to avoid not the debt but the discharge. The bankrupt act recognizes this when it allows the creditor to prove the debt for a dividend, and nevertheless relieves it from the discharge, for the debt is provable as a debt, not as a tort. There are cases which intimate, if they do not decide, that a waiver is not to be implied simply because the suit in which the judgment was recovered was in contract, if the record charges fraud, though it be only in the affidavit for process. *In re Robinson*, 2 Nat. Bankr. Reg. Rep. 341; *In re Kimball*, 1 Nat. Bankr. Reg. Rep. 193. It seems to us that cases which concede this concede everything, forthey concede that there is no inconsistency in charging fraud in the debt while suing the debtor in contract; and if there be no inconsistency there is no ground for conclusively presuming a waiver even when the record is silent.

Our conclusion is that the exceptions must be sustained; that the plaintiff's demurrer to the defendant's rejoinder must be sustained; and the case remitted to the Court of Common Pleas for trial on the plea of *nul tiel record.*

*Exceptions sustained.*

*W. W. & S. T. Douglas*, for plaintiff.
*Ballou & Jackson*, for defendant.