JOHN M. WAY *vs.* WILLIAM V. BRIGHAM & others.

Suffolk.   Nov. 11, 1884. — Jan. 9, 1885.   FIELD, DEVENS, & COLBURN, JJ.,
absent.

The affidavit made'by a creditor, upon an application to a magistrate for a certifi-
cate authorizing the arrest of his debtor, included the first and fifth charges
specified in the Pub. Sts. *c.* 162, § 17.   No notice was issued to the debtor; and
the magistrate certified that, after due hearing, he was satisfied there was rea-
sonable cause to believe that the charge made in the affidavit was true, and he
authorized an arrest accordingly.   *Held,* that the certificate of the magistrate
referred only to the fifth charge specified in the statute.

If an action is brought upon a judgment founded on a debt which was contracted
with an intention not to pay it, the obtaining of the judgment does not exon-
erate the debtor from liability to arrest under the fifth charge specified in the
Pub. Sts. *c.* 162, § 17.

A defendant, described in the writ as having his residence in Cambridge, in the
county of Middlesex, and as having his usual place of business in Boston, in
the county of Suffolk, was arrested on mesne process by a constable of Boston,
and gave bail.   An execution issuing in the action was delivered to the same
officer who made the arrest, and he made a return of *non est inventus* thereon.
*Held,* that this was sufficient to charge the bail on *scire facias.*

The death of a judgment debtor, after a return of *non est inventus* upon the execu-
tion issued on the judgment, and before final judgment on a *scire facias,* does not
discharge his bail, in an action begun prior to the St. of 1884, *c.* 260.

SCIRE FACIAS against the sureties on a bail bond.   Writ
dated July 21, 1883.   The case was submitted to the Superior
Court, and, after judgment for the defendants, to this court, on
appeal, upon agreed facts, in substance as follows :

The plaintiff, by writ dated February 26, 1883, and returna-
ble to the Superior Court for Suffolk county at April term, 1883,
brought an action of contract upon a judgment against Horace
L. Duncklee, described as of Cambridge, in the county of Mid-
dlesex, and as having his usual place of business in Boston, in
the county of Suffolk; and, upon said writ, caused the arrest
of Duncklee, on the ground that Duncklee intended to leave
the State, so that execution, if obtained, could not be served
upon him, an affidavit of the plaintiff and a certificate of a
commissioner of insolvency, in due form of law, as required
by the Pub. Sts. *c.* 162, § 1, having been first annexed to said
writ, which was directed to the sheriffs of the several counties,
or their deputies, or any constable of the city of Boston.   On
March 1, 1883, Duncklee was duly arrested by virtue of said

writ, and certificate and affidavit thereto annexed, in Boston, by John A. Duggan, a constable of the city of Boston, and, not desiring to take any oath, and for want of bail, was committed by Duggan to the jail in Boston. On March 6, 1883, Duncklee as principal, and the defendants as sureties, gave to Duggan, the officer who made the arrest, a bail bond. Said action was duly entered in court, and Duncklee was defaulted, and on April 26, 1883, the plaintiff recovered judgment against Duncklee for the sum of $186.45 damage, and 27.45 costs, and on April 28, 1883, took out execution thereon, in which Duncklee was still described as of Cambridge, and having his usual place of business in Boston. Duncklee's residence was in fact in Cambridge.

No citation was ever issued to said debtor to appear before any magistrate, for examination, as provided in the Pub. Sts. *c.* 162, §§ 18–21; but on June 4, 1883, the plaintiff made an affidavit to the first and fifth charges specified in § 17 of said statute, and obtained a certificate of a master in chancery within and for the county of Suffolk, that, after due hearing, he was " satisfied there is reasonable cause to believe that the charge made in the said affidavit is true ; " and authorizing the arrest of the debtor. The affidavit and certificate were annexed to the execution, and upon said execution, with certificate and affidavit thereto annexed, Duggan, the officer who made the original arrest and committed Duncklee to jail, and who was still a constable of the city of Boston, and to whom said execution was delivered for service, made the following return, dated June 27, 1883 : " By virtue of this execution, I have made diligent search for the goods and chattels, lands and tenements of the within-named defendant, but could not find either within my precinct, and I have also made diligent search for the body of the within-named defendant, but could not find him within my precinct, and I therefore this day return this execution into court in no part satisfied."

Duncklee died on July 24, 1883, and the defendants have duly offered to pay the plaintiff, and have tendered to him, all costs on the *scire facias* up to the present time.

*E. M. Bigelow*, for the plaintiff.

*J. B. Richardson*, for the defendants.

C. ALLEN, J. The affidavit included the first and fifth charges contained in the Pub. Sts. *c.* 162, § 17. The first charge required notice to the debtor, before a certificate authorizing arrest could be made ; the fifth charge did not. No notice was issued, and the magistrate certified that, after due hearing, he was satisfied there was reasonable cause to believe that the charge made in the affidavit was true ; and he authorized an arrest accordingly. This certificate, under these circumstances, could only refer properly to the fifth charge; and such, we think, is its proper construction. It is, however, contended by the defendants, that, as the action in which the judgment was recovered was itself founded upon a judgment, the fifth charge was not applicable to the case; and that it could not properly be said " that the debtor contracted the debt with an intention not to pay the same," that debt being a judgment. But if that judgment was founded upon a debt which was contracted with an intention not to pay it, the obtaining of the judgment would not exonerate the debtor from liability to arrest under the fifth charge. See *Choteau* v. *Richardson*, 12 Allen, 365 ; *Murphy* v. *Manning*, 134 Mass. 488.

The constable who made the return of *non est inventus* upon the execution was the same officer who took the bail bond; and the execution might lawfully be delivered to him. *Brown* v. *Wallace*, 7 Mass. 208. *Crane* v. *Shaw*, 13 Mass. 213.

The death of the debtor after the return upon the execution, and before final judgment on the *scire facias*, did not discharge the bail. Their liability had been fixed by the return. *Bradford* v. *Earle*, 4 Pick. 120. *Niles* v. *Field*, 2 Met. 327. This rule is not changed by any provisions of the Pub. Sts. *c.* 163, §§ 7, 12 ; and the St. of 1884, *c.* 260, providing that the death of the principal before final judgment on the *scire facias* shall be a defence, is not available to the defendants in this case, the statute having been passed since the plaintiff's action was commenced.　　　　　　　　　*Judgment for the plaintiff.*