# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1886, IN THE SEVENTY-
FIRST YEAR OF THE STATE.

---

No. 12,888.

## DONALD v. KELL.

JUDGMENT.—*Enforcement of.—Bankruptcy.—Character of Debt.*—Where the enforcement of a judgment is sought to be defeated by a discharge in bankruptcy, it is proper to look behind it to the character of the debt upon which it is founded; and if it is ascertained that the debt belongs to a class upon which the discharge does not operate, the judgment will be enforced.

SAME.—*Revival of Judgment.—Rights of Third Parties.—Record.—Administrator.—Wrongful Conversion.*—Where, in such case, a judgment is sought to be revived and enforced against real estate acquired by the debtor after his discharge in bankruptcy, and by him sold to a third party, and the record shows that the action in which the judgment was rendered was upon a promissory note, executed by the debtor in his individual capacity, the judgment will not be revived or enforced against such third party, although, in fact, the note on which the judgment was rendered had been given by the debtor to his successor, as administrator, for moneys belonging to the estate, which had been wrongfully converted by the former to his own use.

SAME.—*Pleading.—Answer.—Unnecessary Averments.*—Where an answer to a complaint to revive and enforce a judgment against one who has been discharged in bankruptcy shows that the judgment is founded on a

promissory note, it is not necessary that there should be an additional averment that the debt was not incurred in a fiduciary capacity, as the note on its face implies a contract between the parties as individuals.

DECEDENTS' ESTATES.—*Administrator.—Acceptance of Individual Note of Predecessor.—Judgment.*—Where an administrator accepts from his predecessor (a former administrator) a promissory note, executed by the latter, payable to himself for money due from such predecessor to the estate of the decedent, and obtains judgment on such note in his own right, he can not, as against a third party, who purchases the real estate of the debtor, acquired by him after his discharge in bankruptcy, successfully assert that such cause of action was one not barred by the bankrupt's discharge.

From the Gibson Circuit Court.

*W. M. Land* and *J. B. Gamble*, for appellant.

*J. E. McCullough* and *J. H. Miller*, for appellee.

ELLIOTT, C. J.—The appellant seeks to revive a judgment and enforce it against real estate owned by the appellee. The judgment upon which the complaint is based was rendered against the grantor of the appellee, and was rendered prior to his acquisition of title. The answer of the appellee alleges that the judgment was rendered on a promissory note executed by his grantor, Robert Duncan, and one Andrew J. Lewis; that Duncan was adjudged a bankrupt, and a full discharge awarded him under the bankrupt act. The appellant replied that Duncan was the administrator of the estate of Alexander C. Donald, deceased, and, as such administrator, wrongfully converted to his own use one thousand dollars of the money of Donald's estate; that Duncan resigned his trust; that the appellant succeeded him, and that the promissory note on which the judgment was founded was executed to secure the payment of the money wrongfully converted by him.

The answer shows that the judgment is founded on a promissory note, and thus shows, *prima facie*, at least, that the debt was not created by the appellee's grantor while acting in a fiduciary capacity. *Hays* v. *Ford*, 55 Ind. 52. Where the pleading shows on its face that the foundation of the

Donald *v.* Kell.

judgment is a promissory note, it is not necessary to aver that the debt was not incurred in a fiduciary capacity, for the note on its face implies a contract between the parties, and constitutes a debt not of a fiduciary character.

The doctrine of *Sorden* v. *Gatewood*, 1 Ind. 107, can not be extended to such a case as this, where the judgment is shown to have been founded on a contract. The answer need not go beyond the instrument on which the judgment is founded, for an answer which pleads a *prima facie* defence is good. Where, as here, the instrument which constitutes the foundation of the judgment is shown to be a promissory note, the presumption is that it evidenced a debt provable under the bankrupt law, and this presumption must prevail until overthrown.

Where the enforcement of a judgment is sought to be defeated by a discharge in bankruptcy, it is proper to look behind it to the character of the debt upon which it is founded, and if it is ascertained that it belongs to a class upon which the discharge does not operate, the judgment will be enforced. *In re Patterson*, 1 Nat'l Bk. Reg. 307; *In re Whitehouse*, 4 Nat'l Bk. Reg. 63; *Flanagan* v. *Pearson*, 14 Nat'l Bk. Reg. 37; *Howland* v. *Carson*, 28 Ohio St. 625; *In re Seymour*, 1 Ben. 348; *In re Robinson*, 6 Blatchf. 253; *Horner* v. *Spelman*, 78 Ill. 206; *Reid* v. *Martin*, 4 Hun, 590; *Simpson* v. *Simpson*, 80 N. C. 332; *Wade* v. *Clark*, 52 Iowa, 158 (35 Am. R. 262).

These cases do not create a new principle; they merely apply an old one, for it has long been the law that, wherever justice requires it, a judgment will be adjudged to be an old debt in a new form, and will not be regarded as creating a new debt. *Evans* v. *Sprigg*, 2 Md. 457; *Wyman* v. *Mitchell*, 1 Cowen, 316; *Clark* v. *Rowling*, 3 N. Y. 216. If, therefore, the judgment on which the appellant rests her action had been directly for the money wrongfully converted by Duncan, his discharge in bankruptcy could not prevail against it.

Donald v. Kell.

The search for the cause of action on which the judgment rests does not disclose a cause of action for the money converted by Duncan, but the cause of action revealed is upon a promissory note executed by him and another person. On the face of the record, the cause of action is upon the promissory note, and to ascertain the consideration for the note a second step back of the judgment must be taken.

Our opinion is, that where, as here, the rights of a purchaser are involved, the second step can not be taken. A purchaser is bound only by what the record discloses, and in this instance that disclosed a judgment on a debt which the discharge in bankruptcy extinguished. It would make titles insecure to permit a creditor in such a case to go back of the cause of action on which the judgment was founded, and defeat the purchaser by proof that it was not such a cause of action as it purported to be. But there is another consideration of great weight here, and that is this, the appellant accepted a promissory note, payable to herself, executed by Duncan and another person, for the money due from him to the estate of the decedent, and after having done this she obtained judgment in her own right, and, having elected to do this, she can not, at all events as against a purchaser, successfully assert that the cause of action was one not barred by the discharge in bankruptcy. In such a case as this, the creditor can not be permitted to travel back of the contract which appears on the face of the record as the foundation of the judgment, and prove another debt, for the purpose of defeating a purchaser who has purchased land to which the bankrupt acquired title after his discharge.

Judgment affirmed.

Filed May 10, 1887.