JOHN P. BROWN *vs.* PAUL HANNAGAN & another.

Essex.    November 8, 1911. — November 28, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Bankruptcy.*

A debt of a bankrupt created by his misappropriation of money while acting in a fiduciary capacity, which by the bankruptcy act of 1898, § 17, cl. 4, is excepted from the operation of the bankrupt's discharge, does not lose its fiduciary character by acts of the bankrupt in depositing the misappropriated money in a bank in his individual name, giving the beneficial owner a check on the deposit and stopping payment of the check before it can be collected, nor does such debt lose its character by being reduced to judgment in an action on the check, and a suit on such a judgment is not barred by the maker's subsequent discharge in bankruptcy, although the judgment debt was proved as a claim in the bankruptcy proceedings.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 19, 1908, alleging the plaintiff's claim against the defendant Hannagan as stated in the opinion, and further alleging that the defendant Hannagan gave to the plaintiff a check for the amount of such claim but stopped the payment of such check before it could be collected, and that the plaintiff brought an action upon the check and obtained a judgment against the defendant Hannagan for $1,189.23 damages and $27.65 costs, that the judgment remained unsatisfied, that subsequently the defendant Hannagan filed a voluntary petition in bankruptcy, that the plaintiff presented his claim for allowance in the bankruptcy proceedings and that it was allowed, but that the plaintiff received no dividend thereon, and that the defendant Hannagan received a discharge in bankruptcy, which the plaintiff alleged

was inoperative to bar the plaintiff's judgment debt under the provisions of the bankruptcy act of 1898, § 17, cl. 4; praying for a decree that the defendant Hannagan owed the plaintiff the amount of such judgment with interest thereon notwithstanding his discharge in bankruptcy.

The clause of the bankruptcy act referred to is as follows: "Sec. 17. Debts not Affected by a Discharge. — A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

The case was heard by *Sheldon,* J., who reported it for determination by the full court of the question whether the plaintiff's judgment was exempted from the operation of the defendant Hannagan's discharge in bankruptcy. If the plaintiff's claim was barred by the discharge, the bill was to be dismissed; otherwise, the case was to stand for further hearing on the other question in issue.

*G. Newhall,* for the plaintiff.

*J. J. Sullivan,* for the defendant Hannagan.

DeCourcy, J. The defendant Hannagan (hereinafter called the defendant) was executor of his mother's will, and as such executor collected her life insurance. The plaintiff was named in the policy as a beneficiary to the extent of two fifths. The insurance money was deposited in a national bank by the defendant in his own name; and as the plaintiff's share never was paid to him nor turned over to the estate it must be assumed that it was appropriated by the defendant to his own use. The main question in the case is whether the plaintiff's claim is barred by the defendant's discharge in bankruptcy.

Upon the facts stated in the report the plaintiff's claim, originally at least, was a debt created by the defendant's misappropriation while acting in a fiduciary capacity. *Crisfield* v. *State,* 55 Md. 192. Such debts are expressly excepted from the operation of the bankrupt's discharge, by clause 4 of § 17 of the bankruptcy act of 1898.

It cannot be successfully contended that the fiduciary character of the debt was affected by the acts of the defendant in depositing this money in his individual name, giving to the

plaintiff a check drawn on that deposit and stopping payment at the bank before the check could be collected. Nor did the proving of the claim in bankruptcy change the relations of the parties to those of creditor and debtor. *Tallant* v. *Stedman*, 176 Mass. 460. *Madison Township* v. *Dunkle*, 114 Ind. 262. And under the bankruptcy act the original character of the liability was not lost by being reduced to judgment. *Lee* v. *Tarplin*, 194 Mass. 47. *Boynton* v. *Ball*, 121 U. S. 457. *Packer* v. *Whittier*, 91 Fed. Rep. 511. *Murphy* v. *Manning*, 134 Mass. 488. *Way* v. *Brigham*, 138 Mass. 384. *Haggerty* v. *Badkin*, 2 Buch. 473.

We are of opinion that the plaintiff's judgment was exempted from the operation of the defendant's discharge in bankruptcy. In accordance with the report the case is to stand for further hearing on the other question in issue.

*So ordered.*