[Civ. No. 4605. Second Appellate District, Division One.—August 10, 1927.]

ADA DONAHUE, Appellant, v. JOHN J. CONLEY, Respondent.

Waldo & Hinds and G. E. Waldo for Appellant.

David S. McCann for Respondent.

YORK, J.—All of the objections raised to the findings of fact and conclusions of law herein are predicated upon the proposition that the indebtedness of the defendant to plaintiff was an indebtedness as set forth in the amended complaint, to wit, moneys embezzled by the defendant which had been entrusted to the defendant for the purpose of purchasing second mortgages. The defendant, according to the evidence and the amended pleadings, appropriated to his own use a sum aggregating about $5,000, and thereafter gave a note for part thereof and the balance in cash. Upon paying up the most of the original note, the balance of this original note was paid by a note, which last-mentioned note

is the note upon which the original complaint herein was solely based. After the adjudication in bankruptcy of the defendant, the plaintiff secured leave at the time of trial to file an amended complaint which set up the alleged embezzlement, and which the plaintiff now contends on this appeal is such an obligation as comes within the exception stated in the discharge in bankruptcy secured by the defendant herein, "excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." The trial court had before it not only the evidence set forth in the supplement to the brief herein, but also the original complaint and the answer thereto and certain portions of the proceedings in the bankruptcy court, including the discharge and the claim filed in the bankruptcy court by the plaintiff herein. The findings herein must have been predicated upon the belief of the trial court that the indebtedness sued on was the balance due on a note given for an unpaid balance of a prior note, and that therefore the allegations of the amended complaint as to fraud, embezzlement, and misappropriation were matters that could not be considered by the court in rendering its judgment.

A fraud was involved in the original liability, to wit, the embezzlement of the funds of plaintiff entrusted to defendant, and the intervening note transactions we hold do not change the fact that the suit is still for a part of the money so obtained. This being so, the debt comes within the exception stated in the discharge in bankruptcy. Even if the money were stolen without ever being entrusted to defendant, the liability would still be one not wiped out by such discharge in bankruptcy. (*McIntyre* v. *Kavanaugh*, 242 U. S. 138, 141 [61 L. Ed. 205, 207, 37 Sup. Ct. Rep. 38, see, also, Rose's U. S. Notes, Supp.].)

As the judgment must be reversed, we should consider whether or not we are authorized to order the entry of a new and different judgment. By an act of the legislature, which became effective July 29, 1927. (Stats. 1927, chap. 352), there was added to the Code of Civil Procedure a new section, numbered 956a. It is there provided that on appeal in nonjury cases, the supreme court or district court of appeal may make findings of fact contrary to, or in addition to, those made by the trial court. Provision is made for the making of such findings on the evidence in the

record, or on that evidence and such additional evidence as the court of appellate jurisdiction may take, pursuant to rules to be prescribed therefor.

It may be said that section 956a will not become entirely self-operative in cases where additional evidence must be taken until appropriate rules therefor shall have been adopted. (*Capron* v. *Van Horn*, 201 Cal. 486 [258 Pac. 77].) See, however, Code of Civil Procedure, sec. 187; *Roche* v. *Superior Court*, 30 Cal. App. 255, 260 [157 Pac. 830]. In this connection, it should be noted that while said section provides that the rules shall be made by the supreme court, the constitution declares that rules of practice and procedure shall be made by the judicial council. But in the present action, all necessary amendments to the findings are amply justified by the record, including the evidence now before us.

Therefore, it is ordered that the findings of fact in this action be, and they hereby are, amended as follows: (1) By striking from finding IV the words "in payment of his said indebtedness"; (2) By striking from finding V the words "as payment"; (3) By amending finding IX to read as follows: "That the liability of defendant to plaintiff was created by defendant's fraud, embezzlement, misappropriation, and defalcation, while acting in a fiduciary capacity"; (4) By striking out finding X; (5) By striking out from finding XII the word "not."

Upon the findings of fact as thus amended, the judgment is reversed, and it is ordered that the cause be remanded to the superior court with the direction that judgment be entered in favor of the plaintiff and against the defendant in the sum of $1,629.24, with interest thereon from the twenty-ninth day of April, 1918, at the rate of four and one-half per cent per annum, together with costs.

Conrey, P. J., and Houser, J., concurred.