Devlin, J.
This is a suit upon a judgment. The defendant pleaded a general denial and added this, — “and further *506 answering the defendant suggests that he has been duly adjudicated a bankrupt and a discharge in bankruptcy was received Dec. 1, 1930, and that this claim' was listed in the bankruptcy court and therefore is discharged by reason of bankruptcy.”
The facts agreed on are substantially these. The original claim was for maintenance, support and other charges contracted for by the defendant in 1926, he being then an undergraduate at the plaintiff institution, and a minor. Suit was brought in this court on that claim against this defendant and judgment recovered against him on February 17, 1928. Later, on August 6, 1929, the plaintiff brought another suit on this judgment, the defendant filed his petition in bankruptcy on September 27, 1929, listed the judgment, and filed a suggestion of bankruptcy in the pending suit but he did not move to have it continued to await the determination of the bankruptcy proceedings. On May 16,1930, the plaintiff recovered judgment on this suit, execution issued and it was returned into court unsatisfied on August 18, 1931. In the meantime, on December 1,1930, the defendant obtained his discharge in bankruptcy. The instant suit on the judgment of May 16,1930, was brought by writ dated June 30, 1934, and in this suit the defendant has duly filed the suggestion and pleadings above referred to.
The plaintiff filed five requests for rulings: ■
1. The original cause of action is not merged in any earlier judgment.
2. If the original cause of action, on which this action is ultimately founded, was for necessaries contracted for by the defendant while he was a minor and he had no way of obtaining the same except by his own contract, the bankruptcy of the defendant is not a defence to this action.
3. The plaintiff’s claim against the defendant is not dischargeable in bankruptcy.
4. The failure of the defendant to move to continue the case, on the judgment in which this action js *507 brought, is a waiver of the defence of bankruptcy and such a defence cannot now be advanced in a suit on said judgment.
5. On the law applicable to the agreed statement of facts the plaintiff is entitled to judgment.
The judge denied them all and made the following notation in passing on the first, — “No. 1, — I deny and instruct myself, in place of it, that under the bankruptcy act the original character of the liability was not lost by being reduced to judgment.” Brown v. Hannagan, 210 Mass. 246. We are of opinion that the judge was right in his disposition of the first request. He properly determined the legal effect of Brown v. Hannagan, 210 Mass. 246, supra.
The second point urged by the plaintiff and raised by the second and third requests is that this was a bill for necessaries and therefore not a provable debt. Assuming that this is a claim for necessaries, and we do not so decide, it does not seem to come within that section of the Bankruptcy Act cited by the plaintiff. It is true that the court does not indicate how he found the facts underlying the second request, but it is also true that assuming those facts to have been found by the court the request could not have been given. The Bankruptcy Act, §17, subdivision 2, provides that liabilities for “maintenance or support of wife or child” are not dischargeable. Obviously that is not this case. This is not a claim for maintenance or support of the defendant’s wife or child, and we cannot read into the act a provision that is not there. The section itself has been strictly construed and would appear to apply to the involuntary liability of a man for support furnished, not to himself and not based on any contract, express or implied, made by him. Leman v. Locke, 240 Mass. 551. In no event can it apply to a case of this kind.
But the defendant is met here by an underlying and vital difficulty. This is a suit upon a judgment. In the suit in *508 which the judgment was obtained the defence of discharge might have been pleaded had the defendant sought a stay. He did not and the judgment was obtained and it would appear to be conclusive between the parties and not to be avoided by “plea and proof”, Brigham v. Burnham, 12 Allen 97, Pearne v. Hill, 163 Mass. 493, or attacked otherwise collaterally. Herschman v. Justices of the Municipal Court, 220 Mass. 137. And this case does not come within the exception established by Gf. L. (Ter. Ed.), Ch. 231, §95, which applies only to judgments obtained by default and without the knowledge of the defendant.
We are of the opinion, therefore, that the court erred in not granting the plaintiff’s fifth request and in finding for the defendant. That finding should be vacated and judgment entered for the plaintiff on the declaration and it is,—
So ordered.