[Civ. No. 21711.   Second Dist., Div. Three.   Jan. 14, 1957.]

UNITED STATES CREDIT BUREAU, INC. (a Corporation), Appellant, v. CHARLES I. MANNING, Respondent.

Hayes, Bletz & Lawson and S. Oliver Bletz for Appellant.

Prince & Maslow and Robert M. Maslow for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendant Charles I. Manning in an action to renew a judgment.

On October 21, 1949, a default judgment for $6,845.52 was entered in favor of plaintiff against defendant on a promissory note. On October 14, 1954, plaintiff filed this action to renew the judgment. The answer does not controvert or put in issue any of the allegations of the complaint except as a special defense it alleges that on November 13, 1951 defendant was adjudged a bankrupt by the United States District Court and on January 3, 1953, he was "discharged from all debts and claims provable by said Acts of Bankruptcy against his estate, and which existed on the said 13th day of November, 1951, excepting only such debts as were then by law excepted from the operation of a discharge in bankruptcy"; that the debt and judgment alleged in the complaint was a debt provable against the bankruptcy estate; it was duly and regularly scheduled in the bankruptcy proceedings; plaintiff had notice thereof and had actual knowledge of the commencement and pendency thereof. The evidence was that defendant was adjudged a bankrupt, that he was discharged of all debts except such as were excepted, that the debt was scheduled, and that plaintiff had notice as alleged.

The promissory note on which the original action was brought was executed March 10, 1948, by defendant to Claudette Colbert. At that time defendant was engaged in the insurance brokerage business and writing insurance as a

broker for and in behalf of Claudette Colbert. While so acting he received about $5,986.68 from Miss Colbert to be applied by him in payment of accrued premiums on insurance policies for her benefit. Instead of doing so, he secretly appropriated the money to his own use and benefit. He had acted as insurance broker for Miss Colbert for a continuous period of seven or eight years. He handled accident, life, and property insurance for her and advised and counseled her on insurance matters during that time. Miss Colbert relied upon his advice and information with reference to her insurance.

After defendant appropriated the money, Miss Colbert was compelled to and did pay the amount a second time to insurance carriers to cover her accrued premiums. Thereafter defendant gave her his note for the amount of his debt and to prevent any prosecution for his defalcation.

These facts were not controverted. The evidence was received subject to a motion to strike or subject to being disregarded by the court in the event it was not material. A motion to strike was made and denied. The court found the evidence was not in conformity with the pleadings and "the debt and judgment . . . was then and is now a debt provable against the said bankruptcy estate to wit: a debt and judgment based upon the promissory note of this defendant."

The original action was on the note, and the record does not disclose the fraud or defalcation. The question is whether in the action at bar the nondischargeable character of the original obligation may be shown by evidence dehors the record of the prior action in order to meet the special defense alleged in the answer.

The Bankruptcy Act provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. . . ." (11 U.S.C.A. § 35.)

The authorities are in conflict on the question. The author of an annotation in 170 American Law Reports says that by the weight of authority the nondischargeable character of the original obligation may not be shown if all the record of the original action shows is that the action was on a note and does not disclose the nondischargeable character of

the original obligation. (170 A.L.R. 371.) The minority view is that the nondischargeable character of the original indebtedness may be shown by evidence dehors the record of the judgment or of the proceedings culminating in the judgment although the record itself contains nothing indicating the character of the original indebtedness as one nondischargeable in bankruptcy. We think the reasoning of the California decisions and of the cases holding the minority view align this state with that view.

■ The acceptance of a note from one who procures a sum of money by fraud, as an evidence of the debt thereby created, after the fraud has been discovered, does not take the debt out of the operation of the above quoted provision of the Bankruptcy Act. (*Gregory* v. *Williams*, 106 Kan. 819, 821 [189 P. 932]; 8 C.J.S. 1513, § 573.) ■ In an action on a promissory note to which the defendant pleads as a defense his discharge in bankruptcy, it is proper to receive evidence with respect to the nature of the liability represented by the note in order to determine whether it is of a character which is dischargeable in bankruptcy. (*Mathewson* v. *Naylor*, 18 Cal.App.2d 741 [64 P.2d 979]; *Crespi & Co.* v. *Giffen*, 132 Cal.App. 526 [23 P.2d 47]; *Donahue* v. *Conley*, 85 Cal.App. 15 [258 P. 985]; anno.: 145 A.L.R. 1238.) *Carit* v. *Williams*, 74 Cal. 183 [15 P. 751], held that in determining whether a discharge of a debtor under the State Insolvency Act operated as a discharge from a judgment against him, the court could go behind the judgment and examine the pleadings for the purpose of ascertaining the nature of the liability on which the judgment was founded. In *Citizens' Bank* v. *Rucker*, 138 Cal. 606 [72 P. 46], the court stated it was competent to "look beyond the judgment to determine the character of the original debt." It appears from a summary of the briefs in the report of the latter case that one of the grounds urged for reversal was that "the court cannot go behind the pleading upon which the judgment was rendered," citing *Donald* v. *Kell*, 111 Ind. 1 [11 N.E. 782], and *Palmer* v. *Preston*, 45 Vt. 154 [12 Am.Rep. 191]. It appears from the opinion in the Rucker case that the judgment was based on a promissory note and that the court must have gone beyond the pleadings and considered other evidence by which the fraud of the judgment debtor in obtaining the money on the note was made to appear. It thus appears from the California cases that in an action on a note where a plea of discharge in bankruptcy is interposed it is proper for the court to re-

ceive evidence with respect to the nature of the liability for which the note was given. (Also see *O'Brien* v. *Appling*, 133 Cal.App.2d 40 [283 P.2d 289].) We do not see any logical distinction between that situation and one where a judgment has been obtained on the note.

One reason given by the courts reaching the majority view is that by suing on the note a plaintiff who was induced to part with the money represented thereby by fraud waives the fraud and elects to sue on the contract. It would seem to follow that where the question arises on the trial of an action on the note the plaintiff would be precluded from overcoming the defense of discharge in bankruptcy by evidence as to the nature of the liability for which the note was given. Another reason given for the majority view is that to permit evidence dehors the record in which the judgment was rendered constitutes in effect an attack on the judgment. Others assume that the rendition of a judgment operates to change the character of the original liability on which it is founded. (Anno.: 170 A.L.R. 371-372, 374-378.)

The fallacy of this reasoning is pointed out with unclouded explicitness in *Fidelity & Casualty Co.* v. *Golombosky*, 133 Conn. 317 [50 A.2d 817, 170 A.L.R. 361], in which the court stated the question was: "Does the fact that the judgment was based upon a note preclude the plaintiff from showing that the debt which it represented was created by fraud, embezzlement, misappropriation or defalcation within the clause quoted from the act?" The court said (50 A.2d 819):

"The decisions which have held that in determining the nature of the indebtedness a court cannot go behind the judgment and record seem generally to have overlooked two principles which the cases place beyond dispute: Where an action is brought upon a note, and a discharge in bankruptcy is set up as a defense, proof is admissible to show that the underlying debt was created by fraud or one of the other excepted causes, *American Surety Co.* v. *McKiearnan*, 304 Mich. 322 [8 N.W.2d 82, 145 A.L.R. 1235], and note, 1238; *Zimmern* v. *Blount*, 238 F. 740, 745 [151 C.C.A. 590]; and the rendition of a judgment upon an obligation does not change the character of the indebtedness. (*Boynton* v. *Ball*, 121 U.S. 457, 466 [7 S.Ct. 981, 30 L.Ed. 985]; *Brown* v. *Hannagan, supra* [210 Mass. 246 (96 N.E. 714)]; *Guernsey-Newston Co.* v. *Napier*, 151 Wash. 318, 320 [275 P. 724]; *Argall* v. *Jacobs*, 87 N.Y. 110, 113 [41 Am.Rep. 357]; *Wade* v. *Clark*, 52 Iowa 158, 159 [2 N.W. 1039, 35 Am.Rep. 262]; *Young* v. *Grau*,

*supra* [14 R.I. 340]. In the light of these accepted principles, there would seem to be no escape from the conclusion that the rendition of a judgment based upon a note does not preclude proof by evidence extraneous to the record, in reply to a defense of discharge in bankruptcy, that the underlying debt was created by fraud, embezzlement, misappropriation or defalcation within the exception we are considering. Moreover, some of the decisions above cited falling within the first category seem to regard proof that the debt was created by one of these causes by means of evidence dehors the record of the case in which the judgment was rendered as involving an attack upon that judgment; that clearly is not so; the plaintiff sues upon the judgment, the defendant pleads a defense entirely extraneous to the action in which the judgment was rendered, i.e., his discharge, and the plaintiff attacks his right to avail himself of that defense; the plaintiff is in no sense attacking the judgment but is throughout insisting upon his right to recover upon it in the manner and form in which it was rendered. It is significant of the intent of the Congress that in the Bankruptcy Act of 1898 (30 Stat. 544) the second clause of § 17 (corresponding to 11 U.S.C. § 35, 11 U.S.C.A. § 35) excepted from the discharge 'judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person [or property] of another.' In order to avoid a discharge under this clause, it was clearly necessary that the record of the action in which the judgment was rendered should show that the action was founded upon one of the grounds mentioned. *In re Rhutassel*, D.C., 96 F. 597, 599; *Hargadine-McKittrick Dry Goods Co.* v. *Hudson*, C.C., 111 F. 361, 363; see *Bullis* v. *O'Beirne*, 195 U.S. 606, 619 [25 S.Ct. 118, 49 L.Ed. 340]. The fourth clause, which we are considering, read in the 1898 act as it does now. Had the Congress intended that, where a claim has, under this clause, been reduced to judgment, the nature of the obligation must be determined upon the basis of the record in the action, it would not have been apt to use the broad language: debts 'Created by . . . fraud, embezzlement, misappropriation, or defalcation.'

"The purpose of the Bankruptcy Act was 'To relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.' *Williams* v. *U.S. Fidelity Co.*, 236 U.S. 549, 554 [35 S.Ct. 289,

290, 59 L.Ed. 713]. It was also clearly the intent of the Congress that clemency should not be so far extended as to include obligations resulting from the acts of dishonesty specified in § 17 (11 U.S.C. § 35, 11 U.S.C.A. § 35.) Where the conduct of the bankrupt has created such an obligation, the intent should be effectuated unless there has occurred some circumstance which justifies setting it aside. We are unable to see why the purpose of the Congress should be defeated because, where a defendant has been guilty of a misappropriation of money, he has given a note representing that money and the person to whom the obligation is due has taken a judgment on it. Indeed, when the note is accepted, it is probably far from the mind of the creditor that the debtor may become bankrupt, and the clemency which the former has extended to the latter in not pressing the fact of the misappropriation might, if the law were otherwise than we hold, result in the discharge of the obligation.''

There are a number of decisions in which it has been held that the origin of the indebtedness may be proved by evidence dehors the record of the case in which the judgment was rendered.[1]

■ The giving of a note by a debtor for the amount of the debt does not constitute payment unless there is an agreement between the parties that it shall be so accepted. (*Dick v. Woolson,* 106 Cal.App.2d 415, 418 [235 P.2d 119].) There was no evidence that Miss Colbert so treated the note. ■ Acceptance of a note merely postpones the time of payment of the original debt until default is made in payment of the note. (*Western Fuel Co. v. S. G. Lewald Co.,* 190 Cal. 25, 26 [210 P. 419]; *American Marine Paint Co. v. Tooley,* 53 Cal.App.2d 530, 538 [127 P.2d 960].)

■ While a judgment is sometimes said to be the highest evidence of an obligation it does not, for that reason, in all cases, foreclose an investigation into the nature of the obligation. (*Smith v. Broderick,* 107 Cal. 644, 650 [40 P. 1033, 48 Am.St.Rep. 167]; *Wilson v. Walters,* 19 Cal.2d 111, 121 [119 P.2d 340]; *Woehrle v. Canclini,* 158 Cal. 107, 108 [109

---

[1] *Packer v. Whittier,* 1 Cir., 91 F. 511, 513 [33 C.C.A. 658]; *Greenfield v. Tuccillo,* 2 Cir., 129 F.2d 854, 856; *Brown v. Hannagan,* 210 Mass. 246 [96 N.E. 714, 715]; *Stewart v. Emerson,* 52 N.H. 301, 311; *Gehlen v. Patterson,* 83 N.H. 328 [141 A. 914, 915]; *Howland v. Carson,* 28 Ohio St. 625, 629; *Young v. Grau,* 14 R.I. 340, 341; *Simpson v. Simpson,* 80 N.C. 332, 334; *Councill v. Horton,* 88 N.C. 222, 223; *Giella v. Birdman,* Civ. A. 8428, Appellate Dept. Superior Court of Los Angeles County, California. Also see *Mackel v. Rochester,* D.C., 135 F. 904, 905.

P. 888]; *Fitzgerald* v. *Herzer,* 78 Cal.App.2d 127, 130 [177 P.2d 364].) Mr. Justice Carter, writing for the court in *Wilson* v. *Walters,* 19 Cal.2d 111 [119 P.2d 340], said (p. 121):

"The mere fact that the liability excepted from the discharge has been reduced to judgment does not take it out of the exception; it is the nature of the liability itself which is the determining factor. (8 C.J.S., Bankruptcy, secs. 563, 573.)"

It is clear from the evidence that the note executed by defendant was given and received as evidence of the debt growing out of his fraud and defalcation and not as satisfaction thereof. And the normal inference is that a creditor would not intentionally relinquish a nondischargeable claim for a dischargeable claim on a judgment in an action on a note given as evidence of the nondischargeable claim.

We conclude that the origin of the indebtedness evidenced by the note on which the judgment was obtained may be proved by evidence dehors the record of that case; and if it appears the liability is an excepted one, that it was not dischargeable by the bankruptcy.

The judgment is reversed. The appeal from the nonappealable order denying a new trial is dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 13, 1957.