[No. 12225.   Department Two.—December 28, 1889.]

IN THE MATTER OF C. T. McEACHRAN, IN INSOLVENCY, WILLIAM MATHESON, OBJECTING CREDITOR, APPELLANT, *v.* C. T McEACHRAN, RESPONDENT.

INSOLVENCY— OPPOSITION TO DISCHARGE— DEBT FRAUDULENTLY CONTRACTED — EVIDENCE — JUDGMENT AGAINST PARTNER FOR MISAPPROPRIATED FUNDS.— The creation of a debt by fraud of an insolvent debtor is not a good ground upon which to oppose his discharge in insolvency, as no such debt can be discharged under the insolvent act.   Where a creditor opposes the discharge in insolvency of his debt or upon the ground that the debt consists of a judgment recovered against the debtor for funds fraudulently misappropriated by him as a partner of the creditor, in an action brought by the creditor for dissolution of partnership, it is not error to exclude the judgment roll in such action from evidence to sustain the opposition, whether the judgment constitutes a debt excepted from the operation of the discharge in insolvency or not.

ID. — EVIDENCE— DEED OF GIFT FROM HUSBAND TO WIFE— DECLARATION OF HOMESTEAD. — A deed of land by the insolvent to his wife, in consideration of love and affection, made more than two years before the commencement of insolvency proceedings, and a subsequent declaration of homestead by the wife upon the property conveyed to her, are not fraudulent *per se;* and in the absence of proof tending to show that the husband had any fraudulent purpose in making the deed, or that the wife had any such purpose in filing the homestead, the deed and certificate of homestead are inadmissible in evidence to sustain an opposition by a creditor to the discharge in insolvency.

ORDER GRANTING APPLICATION FOR DISCHARGE— EXCEPTION OF DEBTS FRAUDULENTLY CONTRACTED. — An order that the application for a discharge in insolvency be granted does not purport to discharge the insolvent from any debts; and if the final order granting the discharge excepts " such debts, if any, as are by said insolvent laws excepted from the operation of a discharge in insolvency," it cannot be objected that the order that the application be granted does not except from its operation debts contracted by fraud.

DISCHARGE OF INSOLVENT— OBJECTION TO OATH — APPEAL. — It cannot be objected for the first time on appeal by an opposing creditor that the oath of an insolvent, required to be taken and subscribed before any discharge is granted, was made eleven months before the discharge, if, when the oath was offered in evidence, no objection was made to it.

APPEAL from an order of the Superior Court of Napa County granting an insolvent a discharge in insolvency.

The facts are stated in the opinion.

*Spencer & Henning,* for Appellant.

*Thomas Watt,* and *Wallace & Johnston,* for Respondent.

BELCHER, C. C.—On the eighteenth day of February, 1885, the respondent, C. T. McEachran, filed his petition in the superior court of Napa County, praying that he be adjudged an insolvent debtor. On the same day he was adjudged insolvent, and in March following, an assignee of his estate was appointed. On the 31st of October, 1885, the appellant, William Matheson, filed his claim against the estate of the insolvent, and therein set up that the insolvent was indebted to him in the sum of $3,351.11, upon a judgment rendered in the superior court of Napa County on the twenty-sixth day of October, 1883.

On the 27th of March, 1886, the respondent filed in court his petition for a discharge from his debts. The appellant opposed the discharge, and filed specifications in writing of the grounds of his opposition, and thereupon the respondent made and filed the oath required by section 49 of the insolvent act to be taken and subscribed before any discharge can be granted. Thereafter, on the 16th of June, 1886, the appellant filed amended specifications of the grounds of his opposition to the discharge. The specifications set up that from the year 1870 to the 26th of October, 1883, a partnership existed between respondent and appellant; that on the day last named this partnership was dissolved by a decree of the superior court of Napa County; that the court found and determined that respondent was indebted to appellant in a sum named for money advanced and delivered to respondent by appellant for their joint benefit, and which respondent fraudulently misapplied and appropriated to his own use, and that respondent was also indebted to appellant in another sum named for money received by respondent in the partnership business, and which sum of right belonged to appellant as his share

and interest in the partnership, but which the respondent fraudulently misapplied and appropriated to his own use; that thereupon judgment was duly given and rendered in favor of appellant and against respondent for the aggregate of these sums, being $3,049, with costs of suit, and that only $195.50 had ever been paid on this judgment. The specifications further set up that, a short time prior to the commencement of the action before mentioned, the respondent transferred and conveyed to his wife, Emelie McEachran, the undivided one half of the lands and premises then and theretofore owned in partnership by respondent and appellant; that the conveyance was without consideration, and was made for the sole purpose of defrauding appellant, and to prevent him from recovering the amount due him out of said partnership; that the said Emelie McEachran, immediately after such transfer, caused to be filed and recorded a declaration of homestead upon the premises so conveyed to her, and that this was done at the instigation of respondent, and in furtherance of a plan on his part to cheat and defraud appellant and to prevent a recovery of such sum of money as might be found due him out of the said partnership.

The respondent filed an answer to the objections of appellant to his discharge, and therein fully denied all the charges of fraud made against him.

The matter came on for trial before the court without a jury, on the twenty-second day of April, 1887, and the appellant offered in evidence the judgment roll in the case before referred to. The respondent objected to the offered evidence, on the ground that it was irrelevant, immaterial, and incompetent, and the court sustained the objection. The appellant then offered in evidence a deed made by respondent to his wife under date of June 28, 1882, and purporting to convey to her, in consideration of love and affection, the undivided one half, and all the right, title, and interest of respondent,

of, in, and to certain real property, and also a certificate of homestead made by the wife upon the property conveyed to her, which was in proper form, and was duly acknowledged and recorded on August 29, 1882. The same objections were made to these offers as to the judgment roll, and sustained. The appellant reserved an exception to each of the rulings.

At the conclusion of the trial the court granted the prayer of respondent, and gave him a certificate of discharge from his debts, in the language provided in section 51 of the insolvent act. The appeal is from this order, and the action of the court in excluding the three items of evidence above mentioned constitutes the principal grounds urged for a reversal.

1. The action, the judgment roll in which was offered in evidence, was commenced by the appellant against the respondent in 1883 to dissolve a partnership existing between the parties, and for an accounting. The court found, in substance, that in the year 1870 the parties entered into a partnership for the purpose of purchasing certain lands in Napa County, and improving and cultivating the same for their joint benefit; that the plaintiff was to advance the money necessary to purchase, improve, and cultivate the lands while they should remain unproductive, and the defendant was to give his whole time, labor, and skill in clearing, improving, and cultivating the same; that in pursuance of the partnership agreement the defendant purchased the lands, and went into possession thereof, and that the partnership business was continued and carried on until some time in the year 1882; that the plaintiff advanced to defendant for partnership purposes, and upon his representations that it was all necessary therefor, the sum of $1,299 more than was necessary, and more than was in fact used by defendant for or on account of the partnership, and that defendant fraudulently kept and appropriated this last-named sum to his own use; that during the seven

years next prior to 1882 crops were raised on the land owned by the partnership, which were received and disposed of by defendant, and that the net profits arising therefrom were three thousand five hundred dollars; that all of such profits were the property of the partnership, and the plaintiff was entitled to one half thereof, but the defendant fraudulently kept and appropriated to his own use the plaintiff's half, and refused to account for the same. The court further found that, prior to the commencement of the action, the real property was partitioned and disposed of by the parties. Judgment was accordingly entered that the partnership be dissolved, and that the plaintiff recover the aggregate of the sums found to have been fraudulently misappropriated, with interest thereon.

Section 49 of the insolvent act specifies the grounds upon which a creditor may oppose the discharge of an insolvent debtor, and section 52 declares what debts shall not be discharged. The last-mentioned section reads as follows: " No debt created by fraud or embezzlement of the debtor, or by his defalcations as a public officer, or while acting in a fiduciary character, shall be discharged under this act, but the debt may be proved, and the dividend thereon shall be a payment on account of said debt," etc.

It is argued for respondent that appellant's judgment did not constitute a debt which was " excepted from the operation of a discharge in insolvency," and that it therefore furnished no ground for opposition. And in support of this position counsel cite *Hennequin* v. *Clews*, 77 N. Y. 427; 33 Am. Rep. 641; *Palmer* v. *Hussey*, 87 N. Y. 303; *Neal* v. *Clark*, 95 U. S. 704; *Hennequin* v. *Clews*, 111 U. S. 676.

We do not consider it necessary to decide this point; for conceding that the judgment debt was excepted from the operation of the discharge, still we do not think it furnished any good ground for opposition.

The provisions of the last United States bankrupt act were substantially the same as those of our statute in regard to the discharge from debts. Under that act it seems to have been uniformly held by the bankrupt courts that the fact that a debt was created by fraud was not ground for opposing the discharge of a bankrupt. In Bump's Law of Bankruptcy, 5th ed., p. 436, it is said: " Fraud in the creation of a debt is no ground for withholding a discharge." (Citing numerous cases.) And in *In re Isaac Rosenfield*, 1 Bank. Reg. 575, one of the cases cited, the district court of New Jersey, by Field, J., said: " Is the creation of a debt by fraud a good ground upon which to oppose the discharge of a bankrupt ? The thirty-third section of the act provides: ' That no debt created by the fraud of the bankrupt shall be discharged under this act; but the debt may be proved, and the dividend thereon shall be a payment on account of said debt.' Why, then, should a creditor be allowed to object to the discharge of a bankrupt on the ground that the debt due to him was created by fraud ? So far as he is concerned, the bankrupt is not discharged at all. Such creditor is in fact a favored creditor; like other creditors, he is entitled to receive a dividend; but this dividend, instead of being a payment in full, is only a payment on account, and the bankrupt is forever liable for the balance of the debt; and this balance is much more likely to be paid if the bankrupt is discharged from the payment of all his other debts, than if he is not discharged at all. Such a creditor, therefore, has not only no right to oppose the discharge, but it is not to his interest to do so. This no doubt is the reason why the fact that the debt was created by fraud is not, by the twenty-ninth section, made a ground for refusing a discharge."

This reasoning seems to us correct, and to be entirely applicable to the proceedings under our insolvent act. There was therefore no error in excluding the judgment roll.

2. The deed and declaration of homestead, which were offered in evidence, were made more than two years before the insolvency proceedings were commenced; and the land affected by them was partitioned and disposed of by the partners before the action was commenced to dissolve the partnership. No proof was offered tending to show that the husband had any fraudulent purpose in making the deed, or that the wife had any in filing the homestead claim. There is certainly nothing fraudulent *per se* in the fact that a husband conveys land, which he owns, to his wife, in consideration of love and affection, and she subsequently declares a homestead thereon. Under these circumstances we are unable to see that the offered papers had any relevancy whatever to the matter before the court, and in our opinion they were properly excluded.

3. It is urged that the decision is against law, and should be reversed, because it purports to discharge the petitioner from all debts, and does not except from its operation debts contracted in fraud. But the order referred to does not purport to discharge the insolvent from any debts. It is simply an order that the application be granted. The final order granting the discharge is in the language of section 51, and it expressly excepts "such debts, if any, as are by said insolvent laws excepted from the operation of a discharge in insolvency."

4. The appellant makes the point that the oath required by the last clause of section 49 to be taken and subscribed by an insolvent before any discharge is granted was made in May, 1886, while the discharge was not granted until April, 1887. It is said that the statute intended that the oath should be taken at the time of granting the discharge.

A sufficient answer to this point is, that when respondent's oath was offered in evidence, no objection was made to it by appellant, and the objection comes now too late. If objection had been made at the proper time, respond-

ent could, and probably would, have taken and subscribed a new oath, and thereby have removed any question of irregularity.

We advise that the order appealed from be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.