[No. 14861.   Department Two. — July 23, 1892.]

95 409
138 610

MYER SIEGEL, AN INSOLVENT DEBTOR, RESPONDENT,
v. HIS CREDITORS, APPELLANTS.

INSOLVENCY — DISCHARGE OF INSOLVENT — DEBT CREATED BY FRAUD. —
The fact that a particular debt of an insolvent debtor was created by
fraud is no ground for refusing a discharge from other debts.

ID. — BOOKS OF ACCOUNT — CONSTRUCTION OF INSOLVENT ACT. — The pur-
pose of section 49 of the Insolvent Act, providing that a final discharge
in insolvency may be refused when the debtor has not kept proper
books of account, is to require every merchant or tradesman to so keep
his books that any competent person, by an examination of them, can
ascertain and determine the real condition of his affairs; and if they are
so kept, though imperfect, inartistic, and inaccurate in unimportant
particulars, they will be treated as proper books of account, within
such section.

ID. — ACCOUNTS OF OUTSIDE MATTERS — PROPRIETY OF BOOKS. — Though
a trader should be held to the utmost good faith and reasonable care in
keeping accounts of his business as such, yet he is not required to enter
in his books accounts of outside matters; and the question whether his
books were "proper" or not is one to be determined in each particular
case by the facts and circumstances there shown.

ID. — ACCOUNTS OF MONEY BORROWED — REPAYMENT — DISCHARGE OF IN-
SOLVENT. — A discharge in insolvency should not be denied on the
ground that the debtor failed to keep proper books of account, where
the only fault found with the books is, that he did not keep in them,
in the name of one of his creditors, an account of certain small sums of
money borrowed from him, from time to time, during a period of eigh-
teen months, and it does not appear that there ever were any other
business transactions between the parties, and the small loans were paid
back within two days, and the payments entered in the bank-book kept
by the debtor in his books.

APPEAL from a decree of the Superior Court of Los
Angeles County granting a final discharge in insol-
vency.

The facts are stated in the opinion.

*Graff & Latham*, for Appellants.

The fraud committed by respondent was the obtain-
ing goods from his creditors under false pretenses, and
is sufficient to prevent a discharge. (*Mayewski* v. *His
Creditors*, 40 La. Ann. 94.) The application for a dis-
charge should have been denied, because of the failure
of the insolvent to keep proper books of account. Proper

books of account are such books as will enable another merchant, a creditor of the insolvent for instance, to see the financial status of his debtors. (*In re Gay*, 2 Nat. Bank. Reg. 358.) If books of recognized purpose are kept, they must be kept so as to show that which they are designed to indicate. The law requires the condition of the business to appear clearly from the books, and not from outside sources. (*In re Garrison*, 7 Nat. Bank. Reg. 287.) If the ledger account had been accurately kept, a creditor could have seen at a glance the condition of the business, and acted accordingly. (*In re Good*, 78 Cal. 399.) The question is, whether the insolvent did all that a prudent business man, intending to keep his accounts accurately, would naturally do. (*Hammond* v. *Coolidge*, 3 Nat. Bank. Reg. 273.) A cash account is necessary to an understanding of a trader's business. No account was kept of the receipts from N. Siegel. And the omission of this entire set of entries will preclude a discharge, even though accounts of other cash receipts were kept. (*In re Gay*, 2 Nat. Bank. Reg. 358; *In re White*, 2 Nat. Bank. Reg. 590.)

*Robarts & Robinson*, for Respondent.

The application for a discharge was properly granted. (*Herrlich* v. *McDonald*, 80 Cal. 472; *In re McEachran*, 82 Cal. 219; *Dyer* v. *Bradley*, 89 Cal. 557.) The insolvent's failure to enter in his books small loans of money from N. Siegel, borrowed from time to time, and repaid within two days of the loan, and no single one exceeding seventy-five dollars, was not a failure to keep proper books. It is sufficient if the bankrupt kept books of account such as his business required, and the accidental omission of entries is not conclusive of his not having kept proper books. (*In re Burgess*, 3 Nat. Bank. Reg. 197.) The object of the requirement of the act that merchants and tradesmen shall have kept proper books of account in order to be entitled to a discharge in case of bankruptcy is, that the debtor himself, or his creditors, might at any time ascertain

his financial condition from an examination of his books. The test as to whether the books which were kept, when, as in this case, some books were kept, were " proper books of account," within the meaning of the act, is, whether a competent accountant could, from the books themselves, ascertain the debtor's financial condition. If that can be done, then the form in which they were kept is of no importance. (*In re Archenbrown*, 12 Nat. Bank. Reg. 18; *In re Reed*, 12 Nat. Bank. Reg. 390.) The mere fact that the insolvent's books were not entirely accurate ought not to militate against his discharge. (*In re Winsor*, 16 Nat. Bank. Reg. 156.)

BELCHER, C. — The respondent filed his petition in insolvency on the twenty-first day of May, 1890, and was thereupon adjudged to be an insolvent debtor. In due time he applied to the court for a discharge from his debts, and two of his creditors, Walter M. Patrick and Jacoby Brothers, opposed the discharge. The specifications of the grounds of opposition, so far as they need be stated, were, that the respondent had been guilty of fraud, contrary to the true intent of the Insolvent Act, in that on the 5th of April, 1890, he, by false and fraudulent representations as to his financial standing, induced Patrick Brothers, the assignors of said Walter M. Patrick, to sell him certain goods, of the value of ninety-five dollars, on a four-months credit, which had not expired when he filed his petition in insolvency, and that he knew said representations to be false, and made them with the intent to deceive and defraud said Patrick Brothers; and also that respondent, for eighteen months prior to the filing of his petition in insolvency, was a retail dealer in boots and shoes, and did not during that time keep proper books of account.

After trial, the court found, upon the issues raised by the pleadings, among other things, that the respondent obtained from Patrick Brothers goods of the value of ninety-five dollars, on a four-months credit, as alleged, but that it was not such a fraud as would prevent

the granting him a discharge from his other debts; and also, that respondent was a retail dealer in boots and shoes for the period of eighteen months immediately preceding the filing of his petition in insolvency, and that during that period, from time to time, he borrowed from one Nathan Siegel sums of money, in the aggregate amounting to $1,205; that no one of the sums so borrowed amounted to more than seventy-five dollars, and that each of the said sums was borrowed for a short time, and was repaid within two days; that no account of the said loans was kept on his books in the name of Nathan Siegel, "nor any account thereof, except that the items of cash paid out to the said Nathan Siegel in payment of said loans were entered in the bank account kept by said Myer Siegel on his books of said business"; that otherwise respondent kept proper books of account, and that his failure to enter on his books, to the particular account of Nathan Siegel, the said temporary loans, was not such a failure to keep proper books of account as would authorize the withholding the discharge.

A decree was accordingly entered discharging the respondent from all his debts, which, under the insolvent law of this state, were provable against his estate, and which existed on the twenty-first day of May, 1890, except the said debt of ninety-five dollars due to Patrick Brothers.

From this decree the opposing creditors appealed, and have brought the case here for review on the findings.

Section 49 of the Insolvent Act provides that no discharge shall be granted to an insolvent debtor if he has .done or failed to do certain specified things, and, among others, if he "has been guilty of fraud contrary to the true intent of this act"; and section 52 provides that " no debt created by fraud or embezzlement of the debtor . . . . shall be discharged under this act, but the debt may be proved; and the dividend thereon shall be a payment on account of said debt."

Upon the authority of these sections, and the decisions of the courts in regard to similar provisions found in

the federal bankrupt act, it was decided by this court in the case of *In re McEachran*, 82 Cal. 219, that the fact that a particular debt was created by fraud was not ground for refusing a discharge from other debts; and the same doctrine was again declared in the case of *Dyer* v. *Bradley*, 89 Cal. 557.

The fraud of which the respondent here was found guilty is not included in any of the grounds specified in section 49 for withholding a discharge, unless it is included in the clause quoted. Appellants, however, contend that that clause was intended to cover a case like this; that it was not in the bankrupt act; and that it must have been overlooked in making the decisions above referred to, and hence that those decisions should be reconsidered and overruled.

We do not think this contention should be sustained. It is true that the clause quoted is not found in the bankrupt act; but in our opinion, it was not intended by it to change the rule many times declared by the bankruptcy courts in cases like this. It seems rather to refer to frauds which affect the mass of the creditors, and not some individual creditor alone. Nor was this clause overlooked when the opinions in the cases criticised were written. Those decisions were mainly rested upon section 52, which seems plainly to imply that a discharge may be granted, notwithstanding there may be some debt which should be excepted from its operation, because it was fraudulently contracted.

Appellants also contend that the discharge should have been denied, because respondent had failed to keep proper books of account; but the only fault found with his books is, that he did not keep in them, in the name of Nathan Siegel, an account of certain small sums of money borrowed from him, from time to time, during a period of eighteen months. It does not appear that there were ever any other business transactions between the parties, and the court finds that the small loans were paid back within two days, and the

payments were entered in the bank account kept by respondent in his books.

One of the grounds specified in section 49 for refusing a discharge is, " if being a merchant or tradesman, he [the debtor] has not kept proper books of account."

The evident purpose of this provision was to require every merchant or tradesman to so keep his books that any competent person, by an examination of them, could ascertain and determine the real condition of his affairs; and if they be so kept, though imperfect, inartistic, and inaccurate in unimportant particulars, they will be treated as " proper books of account."

Undoubtedly a trader should be held to the utmost good faith and reasonable care in keeping accounts of his business as such; but he is not required to enter in his books accounts of outside matters. (*In re Good*, 78 Cal. 399.) The question, then, as to whether books are " proper " or not is one to be determined in each particular case by the facts and circumstances there shown.

Here the testimony is not brought up in the record, and we have only the findings to look to. The presumption is, that every decision of a trial court is correct, unless error clearly appears. Looking, then, at the findings, does it clearly appear that the court below erroneously reached the conclusion that respondent's books were not so improperly kept as to warrant the withholding his discharge?

We think not. So far as we can see, the small sums of money borrowed from time to time may have been for purposes wholly outside the boot and shoe business; and if not, the books, notwithstanding the failure to enter those items, may have sufficiently shown the real condition of respondent's business affairs as a trader.

In the case of *In re Good*, 78 Cal. 399, cited by appellants, it appeared that the insolvents borrowed ten thousand dollars to enable them to commence and continue their business, and that the money so borrowed constituted their capital stock. No account of this borrowed capital was entered in the books. As kept, the books

showed that the firm was in good condition, when in fact it was utterly insolvent.    Under these circumstances, it was held that "proper" books were not kept, and that a discharge was properly denied by the trial court.    That case is not in point here.

In our opinion, the decree or order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

SHARPSTEIN, J., DE HAVEN, J., McFARLAND, J.