[S. F. No. 2159.   Department Two.—March 13, 1903.]

CITIZENS' BANK OF PASO ROBLES, Respondent, v. B. F. RUCKER and S. E. RUCKER, Appellants.

LOAN OF MONEY FOR PURCHASE OF CATTLE—EQUITABLE LIEN—FRAUD— PURCHASE WITH TRUST FUNDS—ENFORCEMENT OF LIEN.—Where one of the defendants borrowed money from the plaintiff bank for the purpose of purchasing a band of cattle, falsely and fraudulently representing that the same could be immediately sold at a large

profit, and promising to repay the money with a share in the profits, but only returned part thereof, upon a sale without profit, and fraudulently placed the money retained by him in a fiduciary capacity in the name of his wife, made a co-defendant, who, with knowledge of the facts, bought real estate in her own name from the trust fund, the plaintiff, by the terms of the contract, had an equitable lien upon the cattle purchased, and may enforce a lien against the property so purchased with his money.

ID.—ACTION FOR MONEY—JUDGMENT—LIEN NOT AFFECTED.—The right to enforce the lien upon the property purchased with plaintiff's money was not affected by an action brought by the lender against the borrower and the obtaining of judgment therefor against him.

ID.—DISCHARGE IN INSOLVENCY—CLAIM.—The right of action to enforce the lien against the property purchased by the wife cannot be affected by the discharge of the borrower in insolvency, and the filing of a claim by the lender against the insolvent estate, where such property was not treated as any part of his estate.

ID.—DEBT CREATED BY FRAUD—TRUST FUND.—The debt having been created by fraud, the money arising from the proceeds of the sale which should have been returned, and was held in trust, could not be affected by the discharge of the borrower in insolvency; and the character of the original debt may be determined, notwithstanding the judgment recovered thereupon.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion.

H. V. Morehouse, and F. J. Hambly, for Appellants.

The plaintiff is estopped to claim a lien after having proved its claim in insolvency. (*Wingard* v. *Banning*, 39 Cal. 549.) The court cannot go behind the pleading upon which the judgment was rendered in favor of the bank against B. F. Rucker. (*Donald* v. *Kell*, 111 Ind. 1; *Palmer* v. *Preston*, 45 Vt. 154.[1]) Rucker was a creditor of the bank, and the discharge in insolvency bars the obligation. (*Neal* v. *Clark*, 95 U. S. 704; *Hennequin* v. *Clews*, 111 U. S. 676; *Upshur* v. *Briscoe*, 138 U. S. 365; *Fleitas* v. *Richardson*, 147 U. S. 550.)

G. & A. Webster, and Venable & Goodchild, for Respondent.

---

[1] 12 Am. Rep. 191.

This action is authorized. (*Miller* v. *Kehoe,* 107 Cal. 340; *Stateler* v. *Superior Court,* 107 Cal. 540.) Rucker was guilty of fraud which was the basis of the action, and was a proper party. (*Raynor* v. *Mintzer,* 67 Cal. 163.) Rucker held the proceeds of the sale of the cattle in a fiduciary capacity, and equity will follow the fund and preserve it for the benefit of the plaintiff. (*Central Nat. Bank* v. *Connecticut Mut. Life Ins. Co.,* 104 U. S. 54; *Pennell* v. *Deffell,* 4 De Gex, M. & G. 372; *Knatchbull* v. *Hallett,* 13 Ch. Div. 696.)

SMITH, C.—This is an appeal from a judgment for the plaintiff and from an order denying the defendant's motion for new trial. The questions involved are presented by the appeal from the judgment, which alone, therefore, need be considered. Omitting immaterial circumstances, the case as presented by the complaint (which is found to be true in all its allegations) is as follows:—

The defendant B. F. Rucker on or about September 1, 1896, borrowed from the plaintiff the sum of $9,439.85, for the purpose of purchasing a band of cattle—falsely representing to it that the same could be immediately resold at a large profit, and promising to repay the money, together with a share of the profits, out of the proceeds of the sale, which representations were false, and were fraudulently made for the purpose of obtaining the money from plaintiff "without the intention of repaying the same." The cattle were accordingly purchased by Rucker, and afterwards sold by him, for about the sum he paid for them, and out of the proceeds paid the plaintiff $5,000. But of the balance he fraudulently and without consideration, and for the purpose of concealing the money from the plaintiff and preventing it from recovering the same, transferred the sum of $4,000 to (his wife) the defendant, S. E. Rucker. Afterwards, about January 20, 1897, the land described in the complaint was purchased by Rucker with $2,000 of this money, and the deed, for the purpose of defrauding his creditors, and especially the plaintiff, taken in the name of Mrs. Rucker, who, it is alleged and found, took both the money and the deed with full knowledge of all the facts relating thereto. The remaining facts, so far as material, are, that plaintiff afterwards, September 2, 1897, recovered judgment against Rucker for the sum of $4,759.85, the balance of

the money advanced to him; that about October 1, 1897, Ruck-
er, being then wholly insolvent, filed in the superior court of
Santa Clara County his petition in insolvency omitting from
his inventory and schedule of property the land in question;
and that all the creditors of the insolvent have assigned their
claims to the plaintiff, who has thus become the only creditor.
None of these facts are brought in question by the specifica-
tions.

The prayer of the complaint is, that the sum due the plain-
tiff, $4,759.85, as evidenced by the former judgment, be ad-
judged a lien upon the property in question, and that the same
be sold, etc., and judgment was entered accordingly; and it
was also adjudged "that there is due the plaintiff from the
defendant B. F. Rucker the sum named."

The judgment, in so far as it adjudges the existence of the
lien and directs its foreclosure, is, we think, clearly right. We
are not concerned here with the rights of innocent third
parties, but with those of the parties to the contract only, as
to whom (and to parties taking with notice) the contract itself
makes the law (*Pacta legem facunt inter partes*), or, as other-
wise expressed, has "the force of law." (Broom's Legal Max-
ims, 661.) The plaintiff, therefore, by the express terms of the
contract, acquired, if not a legal, at least an equitable, lien on
the cattle when purchased (Bouvier's Law Dictionary, word
"Lien," pp. 226, 231), and a corresponding interest in the
proceeds of the sale, which were thus received by Rucker upon
the expressed trust or confidence of paying them over, to the
amount of the debt, to the plaintiff. (Civ. Code, secs. 2215
et seq.) The money was therefore held by the former in a
fiduciary character, and the right of the latter in the fund,
though invested in the land, continued. (*Central Nat. Bank*
v. *Connecticut Mut. Life Ins. Co.*, 104 U. S. 68, 69.) Nor was
the plaintiff's lien affected by its suit against Rucker for the
money, and the recovery of judgment therein. The plaintiff's
right to recover the money in an ordinary suit at law was in
no wise affected by the fact of its having an equitable lien or
security for the debt; nor was its right to enforce the lien
affected by its legal action.

Nor, assuming, as is alleged in defendants' supplemental
answer, that Rucker received his discharge in the insolvency

CXXXVIII. Cal.—39

proceedings, and also, as appears in the statement, but is not alleged, that the plaintiff filed its claim on the judgment against the insolvent estate, do we think the plaintiff's right of action was affected. By the receipt of the money in which plaintiff was specifically interested, and the conversion of the same into the land conveyed to her, Mrs. Rucker became liable for the payment of the debt, at least to the value of the property in question; and by the express provisions of section 56 of the act (Code Civ. Proc., p. 849), her liability remained unaffected by the discharge of the principal debtor. The suit, therefore, so far as the foreclosure of the lien is affected, is not to be regarded "as an action against him upon a debt or obligation provable against his estate," but as an action to recover from the other defendant money for which she had become liable. (*Stateler* v. *Superior Court,* 107 Cal. 540.) And also it would seem, as, in effect, held in the case cited and in *Miller* v. *Kehoe,* 107 Cal. 340, the plaintiff was entitled to recover from her as a general creditor, to whom, as alleged and found, the rights of the other creditors had been assigned.

But the judgment may be sustained in its entirety on other grounds. The cause of action here set up against Rucker, though originating in the same transaction, is different from that set up in the former suit against him. That was a legal action for the money loaned; this, an equitable action for the proceeds of the sale of cattle received by Rucker as a fund for the payment of the debt. The original loan was procured by false and fraudulent representations, and by false and fraudulent promises made without intent to perform them, and, in the language of the statute, the debt thereby incurred was "created by fraud." This was the case also with the equitable debt incurred by the receipt of the proceeds of the sale by Rucker and by his fraudulent conversion of the same; and the latter was also incurred by him "while acting in a fiduciary character." Whether we consider, therefore, the legal or the equitable aspect of the case, the debt sued for comes also within the provisions of the same section, and was not affected by the discharge. (*Treadwell* v. *Holloway,* 46 Cal. 548; *Herrlich* v. *McDonald,* 80 Cal. 478; *In re McEachran,* 82 Cal. 223, 224; *Dyer* v. *Bradley,* 89 Cal. 563; *Siegel* v. *His Creditors,* 95 Cal. 413; *Carit* v. *Williams,* 74 Cal. 185, 186.) In the case last cited, the debt was in the form of a judgment,

and it was contended, as in this case, that the court could not look beyond the judgment to determine the character of the original debt; but the contrary was held.

The liability of the defendants was not affected by the insolvency proceedings, and it was therefore unnecessary for the court to find with reference to them.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Van Dyke, J.

Hearing in Bank denied.