GUNTER, J.
August 21, The Carpenter Paper Company filed a complaint in the district court against The Arapahoe Paper Company, a corporation, wherein two causes of action in debt were stated, and wherein certain matters were alleged for the purpose of securing the appointment of a receiver in aid of the main action, and thereon same date, an order went appointing a receiver of the assets of defendant.
August 22, defendant moved and secured an order vacating the appointment of the receiver. Samer date plaintiff filed an amended complaint and petition for the appointment of a' receiver, summons issued and personal service secured August 23. August 24, defendant made an assignment to appellant of all.its .assets for the benefit of creditors. August 29, the. cause came on for hearing a second time on the application of plaintiff for the appointment of a receiver, and the court vacated the order of August 22,, discharging the receiver, reinstated the one of August 21, appointing a receiver, and further or-, *427 dered that the present receiver he. substituted for the one designated August 21. The receiver thus appointed ' qualified, as did above assignee. The assignee, under our statute, became an officer of the district court, and as such was required to administer the assigned estate for the benefit of creditors under the supervision of that court.
The complaint filed August'21 stated’a cause of action against defendant. Its filing was the commencement of the action. — Mills ’ Code, sec. 32.
. • “From the time of the filing of the complaint, or the service of a summons in a civil action, the court shall be deemed to have acquired jurisdiction, and to have control.of all subsequent proceedings.” — Mills’ Code, sec. 44. ■ . .
An action therefore was pending August 21, when the order appointing a receiver was made. Further, through the filing of the amended complaint, August 22, and the issuance and service of summons therein, an action was pending upon that date.- As stated, an amended petition for the appointment of a receiver was filed August 22, and remained undisposed of until August 29, when an order was made reinstating the order of August 21, and appointing appellee as receiver instead qf the party designated in. the original order. The district court acquired jurisdiction of the action, wherein a receiver was appointed August 21. The same court acquired jurisdiction of the assignment matter August 26. The action here is by the receiver against the assignee to have the assignment proceeding annulled, and ,to recover possession of all assets of The Arapahoe Paper Company, now in the possession of the defendant. It is a contest over the right to administer the assets of the insolvent defendant, The Arapahoe Paper Company, for the benefit of creditors.
From the statement of facts it appears that the *428 district court had acquired jurisdiction of the action in which the appointment of the receiver was sought, and of the parties before the court took jurisdiction of the assignment proceedings.. This being true the authorities are that the assignment proceeding of later date pending in the same court must yield to the prior action in which the receiver was appointed.
In Spinning & Brown v. Ohio Life Insurance & Trust Company et al., 2 Disney (Ohio) 336, October 14, a petition was filed by a creditor in the state court for the appointment of a receiver to take charge of the assets of insolvent defendant corporations. Same date summons issued and notice given that application for appointment of a receiver would be made October 18. October 16, certain creditors instituted proceedings in the U. S. circuit court for the same purpose. October 18, an order was made in the circuit court restraining defendant from any disposition of the property. A few minutes later an order appointing a receiver as prayed was made in the state court. A motion was presented in the state court to dismiss the proceedings there pendipg for want of jurisdiction upon the ground that another court — the above circuit court — had obtained prior jurisdiction of the subject-matter involved. The motion was denied, the court citing approvingly:
“When different courts have concurrent jurisdiction, the one before whom proceedings may be first had, and whose jurisdiction first attaches, must, necessarily, have authority paramount to the .other courts; or, rather, the action first commenced shall not be abated by an action commenced between the same parties, in relation to the same subject, in the same or any other court. * * * and after one court of chancery has obtained rightful jurisdiction over a subject, another court of chancery, of only equal authority, should not exert jurisdiction over *429 the same matter; hut whenever the fact is shown by competent evidence, should dismiss the bill.”
In Union Trust Co. v. Rockford, R. I. & St. L. R. R. Co., 6 Bissell 197, suit was brought in the United States circuit court for the appointment of a receiver. July 20 a general demurrer to the complaint was sustained and the court dismissed the action. July 22 a hill was filed by another plaintiff in the state court, and motion made for the appointment of a receiver. July 24, which was yet of the same term at which the demurrer was sustained, order dismissing the cause was set aside' in the circuit court and leave given to amend and file a supplemental bill. July 25 a receiver was appointed in the suit pending in the state court. The federal court held that by the prior institution of suit in that court it had taken jurisdiction of the subject-matter, and although the state court had appointed a receiver between the institution of the suit in the federal court, and the hearing of the application for the appointment of a receiver, that such appointment in the state court would not oust the federal court of its jurisdiction of the subject-matter; that it would proceed to appoint a receiver, and that the receiver in the state court should turn over any assets in his possession to the receiver of the federal court. Inter alia the court said:
“It will hardly he necessary to cite authorities to show that it is, and has long been, the settled rule of law in all eases of conflict of jurisdiction, that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the , end of the litigation, and incidently to take the possession of or control of the res, the subject-matter of the dispute, to the exclusion of all interference from other courts of co-ordinate jurisdiction.”- — See also Cohen v. Solomon, 66 Fed. 411.
*430 In Belmont Nail Co. v. Columbia Iron & Steel Co. et al., 46 Fed. 3, March 26 the creditor filed a hill against defendant corporation for appointment of a receiver of its assets. Service gotten same date. April 2 notice was served on defendant advising it that an application would be made on April 4 for the appointment-of a receiver. April 3 the defendant made an assignment of its assets. This previous assignment was urged in resistance of the appointment of the receiver. The court overruled the objection •and appointed the receiver, holding that it had previously acquired jurisdiction of the subject-matter .and the parties and that such jurisdiction was not ousted by the assignment. Therein it is said:
“Upon the service of the subpoena upon the defendant company the jurisdiction of this court was complete both as to the parties and the- subject-matter. This, as the record shows, was on the 26th day of March, 1891. Hence the relation of the parties and the status of the property in question must be considered as of that date. No subsequent action of one of the parties could affect the rights of the other party. Any disposition by the defendant company of its assets (except the sale of personal property or transfer of negotiable securities to bona fide purchasers) would be invalid against the rights of the other party. * * * In the present case the defendant is admittedly insolvent, has undertaken in consequence of such insolvency to provide for liquidation and had anticipated the court in the appointment of a trustee for that purpose; but jurisdiction in this proceeding having vested before such appointment, the complainant has the right to say whether it acquiesces in such liquidation by the company’s trustee. As it objects and insists upon its rights as they existed upon the service of the subpoena * * * I am of the opinion that the re *431 ceiver should be appointed, regardless of the assignment by the officers of the company of its assets * *■ * .”
The judgment of the lower court annulling the assignment and ordering the assignee to deliver to the receiver assets of the insolvent company in his possession should he affirmed. Affirmed.
Maxwell, J., not sitting.