No. 14,779.

PEOPLE EX REL. LOFGREN ET AL. *v.* COUNTY COURT OF ADAMS COUNTY ET AL.

(111 P. [2d] 1059)

Decided March 24, 1941. Rehearing denied April 7, 1941.

Mr. WILLIAM O. PERRY, Mr. LENNART ERICKSON, for plaintiff in error.

Mr. ALBERT E. SHERLOCK, Mr. ALBERT T. FRANTZ, Mr. A. X. ERICKSON, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. Plaintiffs in error are hereinafter referred to as plaintiffs, or as Lofgren and Smick respectively, and defendants in error as defendants, or as the county court, Judge Preston, the sheriff, and Mrs. Vail respectively; and the latter's husband, alleged mental incompetent, as Mr. Vail.

Mr. Vail was adjudged a mental incompetent by the county court of Adams county, Judge Preston presiding, and Mrs. Vail appointed conservatrix. Her petition listed as Mr. Vail's only asset a one-third interest in the U. S. Welding Works, a partnership located in Denver, and she requested authority to bring suit in the district court in Denver for an accounting thereof. The county court promptly entered its order granting leave. The other alleged members of that partnership, defendants in prospective litigation, were Lofgren and Smick. Such an action was immediately instituted and they answered denying all interest of Mr. Vail. Thereafter Mrs. Vail petitioned the county court for an order requiring them to answer concerning the questioned partnership and produce its books, accounts and records from August 30, 1923, to date, relating thereto, which, as alleged, they had refused to disclose. Such an order was entered and date fixed for compliance and the same served by the

sheriff on Lofgren and Smick in Denver. They appeared specially, by counsel, on the date so fixed and moved to quash the citation. That motion was overruled and the hearing continued for one week. A new citation was issued to the Denver sheriff and on the date set Lofgren and Smick, again appearing specially by counsel, moved to quash for insufficient grounds, want of jurisdiction, absence of statutory authority, and because all relief could and should be granted in the district court action authorized and pending. Following adverse ruling thereon, over counsel's protest and in denial of their request for additional time, a bench warrant was issued. Thereunder Lofgren and Smick were arrested and stay and bond refused. They declined to testify and were sentenced to six months in jail for contempt and stay and bond were refused. Certiorari from the district court of Adams county to the county court followed. The district court sustained the county court but held that judgment should have been confinement until compliance instead of for a fixed period. The writ was accordingly dismissed, but without directing such modification. To review that judgment plaintiffs bring error.

So much of the five assignments as are pertinent may properly be condensed thus: The district court erred in refusing to quash the proceedings in the county court. Other collateral questions are covered and argued, but are here disregarded either because immaterial or premature.

 The primary and controlling issue, so far as plaintiffs are concerned, is, Was Vail a member of the partnership? If so, as Mrs. Vail contends, the question is one for the district court. *Wright v. Wright,* 11 Colo. App. 470, 53 Pac. 684. The Denver district court having taken jurisdiction of that dispute and being engaged in its adjudication, no other tribunal can interfere. *Parks v. Wilcox,* 6 Colo. 489; *Flint v. Powell,* 18 Colo. App. 425, 72 Pac. 60. Should that action result in judgment for the conservatrix disposition of the proceeds thereof will

of course be a question for the county court. If there was originally any question of coordinate jurisdiction the county court, acting within its discretion, put it at rest by authorizing that suit. If it be adjudged in that action that Vail was not a member of that partnership plaintiffs are not further concerned. The relief here sought is ancillary to that district court suit. Once it was initiated the county court could no more assume jurisdiction and direction of collateral matters properly belonging thereto than it could assume to hear and decide motions and demurrers filed therein. If Mrs. Vail had other remedies her election foreclosed her and the county court's order foreclosed it. The latter should dismiss the discovery proceedings, discharge plaintiffs, and relegate the controversy to the Denver district court where it belongs.

Counsel for defendants assert that this record fails to disclose that the Denver district court action had been instituted. The contrary is true. They also insist that this certiorari proceeding is a collateral attack upon a judgment of the county court. In this they are clearly in error.

The judgment is reversed and the cause remanded for further proceedings in harmony herewith.

MR. JUSTICE KNOUS dissents.