## No. 17,960.

M. S. SCHWARTZ *v.* HERMAN H. STONE, ALSO KNOWN AS HERMAN H. GOALSTONE.

(310 P. [2d] 567)

Decided April 8, 1957.   Rehearing denied May 20, 1957.

Mr. ANTHONY F. ZARLENGO, for plaintiff in error.

Messrs. GELT & GROSSMAN, Mr. PERCY S. MORRIS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to plaintiff in error M. S. Schwartz as Schwartz, and to defendant in error Herman H. Stone as Stone.

The writ of error issued in this case involves consideration of two actions disposed of by the district court of the City and County of Denver, under circumstances hereinafter set forth.

The first of these district court actions was No. A-58155 in which Schwartz filed his complaint against Stone alleging that the latter had agreed to pay $40,000

for the interest of Schwartz in a partnership business in which the parties had theretofore been engaged. It further was alleged by Schwartz that $30,000 of the purchase price had been placed in the possession of one Ginsberg as escrow agent to be paid to Schwartz upon the performance of certain conditions; that all of said conditions had been fulfilled but that Ginsberg (who also was a defendant) refused to pay the final $5,000 from the escrow fund. Ginsberg deposited the $5,000 in dispute in the registry of the court, and was dismissed from the action.

Stone answered the complaint admitting his agreement to pay $40,000 as the purchase price of Schwartz's interest in the partnership. He alleged by way of counterclaim that Schwartz had made misrepresentations pertinent to that agreement, and that the damage sustained by him as a result thereof exceeded the sum of $5,000; that the purpose of the escrow agreement was to provide a means whereby he could be indemnified for any losses resulting from claims against Schwartz.

As between Schwartz and Stone the case was at issue July 12, 1948. On April 15, 1948, the United States of America filed a notice of levy against Schwartz upon a tax assessment. On September 15, 1948, John and Joe Paolino intervened in the action alleging that the partnership had failed to carry out a contract, to their damage in the sum of $399.00. Schwartz and Stone by separate answers denied being indebted to intervenors.

No further progress was made, and on September 15, 1950, under pertinent rule of the district court, the clerk gave notice to the attorneys of record to show cause within thirty days why the action should not be dismissed. Counsel for Schwartz appeared and the court directed that the action be removed from the operation of the rule authorizing dismissal for failure to make progress. However, pursuant to a second notice under the same rule, on the third day of November 1952, the action was dismissed with prejudice for failure to prose-

cute. No disposition was made of the $5,000.00 on deposit with the clerk of the district court by the entry of any order or other proceedings in that action.

June 8, 1953, Stone filed a new action in the district court entitled:

"In the Matter of the Petition of Herman H. Stone, also known as Herman H. Goalstone, for an order directing the Clerk to pay over funds deposited in the registry of the Court."

It was alleged in the petition that $5,000 had been deposited with the clerk of the district court in the former action and that the said action had been dismissed with prejudice; that such dismissal divested Schwartz of all claims against Stone and of any claims upon the $5,000 held by the clerk; that no person other than Stone had any interest in the said fund and that he was entitled to immediate possession thereof.

On June 29, 1953, the trial court ordered the clerk to pay the said sum of $5,000 to Stone. On November 15, 1954, Schwartz filed his amended motion to vacate and set aside the order of the court dated June 29, 1953, which had been entered ex parte. This motion was denied by the trial court on January 29, 1956. Motion for a new trial was dispensed with and Schwartz seeks review of the "final order and judgment of the Denver district court dismissing plaintiff in error's motion to set aside the court's order granting defendant in error ownership of a $5,000 deposit made with the clerk of the district court in an earlier and separate action in the same court, which order was entered ex parte and wholly without notice to plaintiff in error, who had a claim of ownership of such deposit."

The argument advanced on behalf of Schwartz is presented under two captions as follows:

1. "THE DISTRICT COURT HAS NO JURISDICTION TO ENTER THE ORDER OF JUNE 25, 1953, IN THE SECOND CASE, BROUGHT BY DEFENDANT IN ERROR, BECAUSE IT HAD NO JURISDICTION OF

THE SUBJECT-MATTER, THAT JURISDICTION HAVING REMAINED IN THE FIRST CASE AND BEING EXERCISABLE ONLY THEREIN. THE ORDER IN THE SECOND CASE WAS VOID FOR LACK OF JURISDICTION OF THE SUBJECT-MATTER, NAMELY, THE $5,000 UNDER DEPOSIT BY ORDER IN THE FIRST CASE."

2. "PLAINTIFF IN ERROR WAS AN INDISPENSABLE PARTY IN ANY PROCEEDING BY DEFENDANT IN ERROR TO OBTAIN POSSESSION OF THE MONEY IN CUSTODIA LEGIS. HE WAS NEITHER MADE A PARTY TO, NOR GIVEN NOTICE OF, THE SECOND CASE IN WHICH THE $5,000 WAS GIVEN DEFENDANT IN ERROR, AND THE COURT THEREFORE HAD NO JURISDICTION OF HIS PERSON IN SUCH PROCEEDING WHICH AFFECTED HIS PROPERTY RIGHT AND THE ORDER AWARDING SUCH MONEY TO DEFENDANT IN ERROR WAS VOID AND SHOULD HAVE BEEN SET ASIDE ON PLAINTIFF IN ERROR'S MOTION IN THE SECOND CASE."

Counsel for Stone argue that C.R.S. 1953, 56-5-9 through 56-5-12, prescribe the procedure for disposition of "trust funds and other moneys paid to the clerks of the district courts or into the registry of said courts * * *." The sections of the statute above referred to generally provide that the clerk of the district court of every judicial district shall at stated periods report to the judges of the district what moneys are held unclaimed in the registry of the court, for a period of more than two years after final determination of the case in which said moneys have been paid or deposited; that if no claim has been presented to the clerk for any of said funds for more than two years the court may order the same paid into the general funds of the county in which said court is held; that any claims for such moneys shall be made within two years after the payment thereof into the general funds of the proper county; and that after payment thereof into the general fund "a claimant

or claimants appear therefor, if the court upon consideration of the circumstances finds that such a claim is valid and should be paid, in that event the county shall refund the same unto the claimant as required by the decree of court."

On behalf of Schwartz it is argued that these statutes have no application whatever to the instant case; that they do not purport to authorize an ex parte proceeding; and that the statutes themselves specifically recognize the continuing jurisdiction of the court to deal with funds in custodia legis in a specific case in which the court has entered its judgment even though that judgment has become final.

Stone's counsel argue further: (1) That the dismissal of the original action, with prejudice, barred all claims of Schwartz to the money deposited in the registry of the court; (2) that the district court was without jurisdiction in the original action to make any disposition of the funds on deposit after that case had been dismissed with prejudice; (3) that in the second proceeding it was not necessary that Schwartz be made a party or be served with process or notice therein; and (4) that it would be a "vain and useless thing" for this court to set aside the order directing payment to Stone.

## Question to be Determined.

*Where, in an action brought by plaintiff to recover money alleged to be due under the terms of a contract, the sum claimed being deposited in the registry of the court; where defendant by counterclaim alleges that he has suffered damage caused by misrepresentation of plaintiff in matters directly connected with the contract sued upon; where neither plaintiff nor defendant cause the action to proceed to trial and it is "dismissed with prejudice" under rule of court for failure to prosecute; can either party thereafter lawfully procure, in a new action, an order directing the clerk of the district court to pay to the applicant the funds in custodia legis with-*

*out notice to the original adversary of the petitioner for said order?*

The question is answered in the negative. The $5,000 in dispute was deposited in the registry of the district court under order of court entered in the original action. Notwithstanding the fact that the action was "dismissed with prejudice" for failure to prosecute, the court in that action retained jurisdiction to direct disposition of the money which it had ordered deposited in the registry.

Under the unusual circumstances disclosed by the record in this case, Schwartz was an indispensable party in any proceeding by Stone to obtain possession of the money in custodia legis. He was not made a party to the second proceeding resulting in the release of the money to Stone, and he had no notice of the filing of the petition upon which the release of the funds was based.

Notwithstanding the dismissal of the action, the court, *in that action,* retained jurisdiction to dispose of funds in its possession by reason of its actions and orders in that case, and such jurisdiction continues until the court does dispose of the funds. *Gregory v. Boston Safe Deposit & Trust Co.,* 144 U.S. 665, 36 L. Ed. 585; *In re Shyvers,* 33 Fed. Supp. 643; *Flint v. Powell,* 18 Colo. App. 425, 72 Pac. 60; *Lord v. Superior Court,* 27 Cal. (2d) 855, 168 P. (2d) 14.

The motion filed by counsel for Schwartz to vacate the order directing the clerk of the court to pay the money to Stone should have been sustained. The contention of counsel for Stone that the writ of error should be dismissed because it was not issued within ninety days from the date of the order to pay, is without merit. The writ issued within ninety days of the order denying the motion to vacate, and since Schwartz was not theretofore a party he suffered no final judgment until his motion was denied.

The judgment is reversed and the cause remanded with directions to vacate the order directing payment to

Stone of the funds deposited with the clerk, and to order that the deposit be returned. Further proceedings, if any, concerning disposition of said moneys shall be conducted in the original action upon notice to the parties in interest.

MR. JUSTICE SUTTON not participating.