Mr. James D. Thomas, State Court Administrator Judicial Department Colorado State Judicial Building 2 East 14th Avenue Denver, Colorado 80203
Dear Mr. Thomas:
QUESTION PRESENTED AND CONCLUSION
You have requested my opinion on the following:
Who is entitled to the interest accrued from fine moneys placed in a passbook savings account, until the conclusion of the defendant's appeal?
 All interest generated from such moneys accrued to the State of Colorado.
ANALYSIS
C.R.S. 1973, 24-36-114 requires that:
 All interest derived from the deposit and investment of state moneys shall be credited to the general fund unless otherwise expressly provided by law.
Since there is no law "expressly providing" for interest on these funds to be credited elsewhere, the issue is when did the funds become "state moneys" within the scope of the statute.
The defendant was found guilty by a jury on July 23, 1977, and was sentenced by the trial court on September 12, 1977; the sentence ordered the defendant to pay $45,000 in fines and $1,835 in court costs. A notice of appeal was filed on April 6, 1978. The defendant's various motions to stay the payment of the funds and court costs were granted until June 12, 1978, when he was ordered by the trial court to deposit $46,835 in the Cache National Bank in Greeley, Colorado; the court clerk was ordered to maintain sole custody and control of the signature card. The defendant complied with this order by depositing the money in a passbook savings account; the money remained in the account until the court of appeals affirmed the defendant's conviction on May 10, 1979.
C.A.R. 8.1(3) clearly indicates that the trial court is empowered to order a defendant to pay a fine, pursuant to a legally imposed sentence, before the appellate court has ruled. A stay is granted at the trial court's discretion:
 A sentence to pay a fine or a fine and costs may be stayed by the trial court upon such terms as the court deems proper if a notice of appeal is filed. The court may require the defendant to deposit the whole or any part of the fine and costs in the registry of the trial court or to give bond for the payment thereof, or to submit to an examination of assets, and in it may make an appropriate order to restrain the defendant from dissipating his assets.
(Emphasis added.)
In the instant case, the court ordered the defendant to place the fine money in a passbook savings account, instead of in the trial court registry, as is the preferred procedure. However, when the defendant, pursuant to court order, gave full authority over the account to the court clerk, he effectively relinquished control of the money as contemplated by C.A.R. 8.1(3). Further, in the instant case, the court still retained jurisdiction to direct the disposition of the money which it had ordered deposited in the savings account, as would also have been the case if the money had been deposited in the court's registry, Schwartz v.Stone, 135 Colo. 222, 228, 310 P.2d 567 (1957).
The sentencing court's authority to order the payment of a fine is delineated in C.R.S. 1973, 167-11-502(1) and Colo. R. Crim. P. 32(d)(2)(I)(A)(B):
 Where the court imposes a fine upon an individual, the court may direct as follows:
 (a) That the defendant pay the entire amount of the fine at the time sentence is pronounced;
 (b) That the defendant pay the entire amount of the fine at some later date.
When the trial court ordered the defendant to pay the fine, pursuant to a legally imposed sentence, and when the defendant did in fact pay the fine money over to the court clerk as ordered, the money became the property of the State of Colorado. Colo. R. Crim. P. 32(d)(1) states:
 In any case where any person, association or corporation shall be convicted of an offense, the court shall give judgment in favor of the State of Colorado and against the offender for the amount of the costs of prosecution and any fine imposed. Such judgments shall be enforceable in the same manner as are civil judgments, and in addition, the provisions of Rule (d)(2) of these Rules shall be applicable.
This fact is supported by the cited statutes which clearly empower the trial court to command the collection of a fine before the appellate court has affirmed or reversed the defendant's conviction.
SUMMARY
Once the money became the property of the State of Colorado, all interest derived from its investment should have been credited to the general fund pursuant to C.R.S. 1973, 24-36-114. The fact that the trial court choose a different site of deposit,i.e., a savings account instead of the court registry, does not change the result of this case.
Very truly yours,
 J.D. MacFARLANE Attorney General
FINES PENALTIES INTEREST
C.R.S. 1973, 24-36-114
C.R.S. 1973, 167-11-502(1)
JUDICIAL BRANCH Administration Judicial Department Supreme Court
The interest accrued from fine money, which a defendant was required to place in a passbook account by the trial court, until the defendant's conviction was affirmed on appeal, should be credited to the general fund of the state pursuant to C.R.S. 1973, 24-36-114.